## C. A. BROWN *v.* C. M. ORR, IDA ORR, EMMA ORR, AND THE CALIFORNIA STAGE COMPANY.

NOTE OF MARRIED WOMAN.—A married woman is not bound by a promissory note executed by her jointly with her husband. It is the note of her husband alone.

COMPLAINT ON PROMISSORY NOTE.—A complaint in an action commenced after the death of the husband on a note and mortgage executed by the husband and wife during the life of the husband, does not state a cause of action, unless it aver that the husband in his lifetime failed to pay the note.

ENFORCEMENT OF MORTGAGE.—A mortgage given by the husband and wife during the life of the husband may be enforced in an action against the heirs after the husband's death.

APPEAL from the District Court, Sixth Judicial District, Placer County.

On the 27th day of September, 1862, William H. Orr, and C. M. Orr, his wife, gave their joint and several promissory note to the plaintiff, and to secure the same, executed to plaintiff a mortgage on a tract of land. William H. Orr afterwards died, leaving him surviving his said wife and two infant children, Ida Orr and Emma Orr. There was no administration on the estate, and plaintiff, in October, 1864, commenced this action on the note and mortgage, and claimed a personal judgment against C. M. Orr. The California Stage Company was made a defendant, under an allegation that it claimed some interest in the mortgaged property.

The other facts are stated in the opinion of the Court.

*Jo. Hamilton,* for Appellant.

If the Court should hold that no personal judgment could go against the respondent, then demurrer would not lie to the prayer of the complaint, it being a suit in equity. (See *Rollins* v. *Fisher et al.,* 10 Cal. 299.) A demurrer to the whole complaint, when some of the counts are good, should be overruled. (*Whitney* v. *Heslep,* 4 Cal. 330; *Weaver* v. *Conger,* 10 Cal. 239; *Phelps* v. *Owen,* 11 Cal. 23; *Boles* v. *Weifenback,* 15 Cal. 144.)

We claim that the Chancery Court, once having jurisdiction of the case, so far as appellant and respondent were concerned,

it was the duty of the Court, under the prayer for general
relief, to grant the prayer for the sale of the mortgaged prop-
erty, appellant, in the decree, taking his chances of a good
title upon the suit as he had brought it. (*Vide Belloe* v.
*Rogers*, 9 Cal. 129 ; *Goodenow* v. *Ewer*, 16 Cal. 461, 462, 463,
etc. ; Hilliard on Mortgages, Chap. 30.)

*H. H. Fellows*, for Respondent.

The first ground of demurrer is good, because the complaint
does not aver any breach of the contract by William H. Orr,
one of the makers, and the only person liable on the note. It
is true that the complaint avers that the defendants have not
paid the note, but the averment is immaterial and irrelevant.
Neither of the defendants are responsible upon the note, and
hence an averment that they have not done what they were
not required to do, is, to say the least, irrelevant. It appears
from the complaint that defendant, C. M. Orr, was a married
woman at the date of the execution of the note, and that the
other defendants are made parties for the reason that they are
heirs of William H. Orr, deceased, or claim some interest in
the mortgaged property. The complaint should have averred
a breach of the contract by William H. Orr in his lifetime.

By the Court, SANDERSON, C. J.

This is an action upon a promissory note and mortgage to
secure the payment thereof, executed by the defendant, C. M.
Orr, and her husband in his lifetime. The complaint in sub-
stance alleges that the note and mortgage were made, executed
and delivered to plaintiff by the defendant, C. M. Orr, and her
husband, William H. Orr, since deceased, in consideration of
an indebtedness in the sum of one thousand eight hundred
dollars due from them to him. That plaintiff still holds the
note and mortgage. That although long since due and pay-
able, the *defendants* have hitherto failed and refused to pay

16

the same or any part thereof, though often requested. A personal judgment is asked against C. M. Orr only, and a foreclosure of the mortgage against all of the defendants.

The defendant, C. M. Orr, demurred generally to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and specially that it did not state facts sufficient to entitle the plaintiff to a personal judgment against her, upon the ground that she was a married woman at the time she executed the note, as appears upon the face of the complaint, and therefore legally incompetent to make the contract.

The demurrer was sustained, and the plaintiff having declined to amend, final judgment was entered for the defendants. The plaintiff appeals, and assigns the ruling of the Court upon the demurrer as error.

The ruling of the Court was correct. Upon the note there is no cause of action against C. M. Orr. (*Maclay* v. *Love*, 25 Cal. 367.) It is simply the note of her deceased husband, William H. Orr, and against him no breach of the contract declared on is alleged. The allegation is "that the *defendants* have failed to pay," not that William H. Orr in his lifetime failed, etc. A breach of the contract by the party bound to perform is an essential part of the cause of action, and must be alleged in the complaint. (1 Chitty's Pleadings, 332.) *Non constat*, but that William H. Orr may have paid the note in his lifetime from all that appears in the complaint. If the note was not paid by William H. Orr in his lifetime, and remains still unpaid, the plaintiff has a cause of action upon his mortgage against the defendants, and has a right to have the amount due ascertained and fixed by the Court and a decree foreclosing the mortgage, but he has no right to a personal judgment against any of the defendants. (*Fallon* v. *Butler*, 21 Cal. 24; *Willis* v. *Farley*, 24 Cal. 490; *In the Matter of the Estate of William H. Orr, deceased, ante*, 101.)

Judgment affirmed.