[No. 5193.]

# ELIZA JANE WHITE *v.* JAMES ADAMS AND ROBERT WHITE.

DAMAGES FOR SEIZURE OF PROPERTY ON EXECUTION.—If an execution is regularly issued on a valid judgment, entered on a default, and the Sheriff levies on property by virtue of the same and retains it several days, until the default is opened and the judgment set aside, and then returns it to the defendant, the plaintiff is not liable in damages for the seizure and detention of the property, so that he acted without fraud.

JUDGMENT AGAINST A WIFE.—The coverture of a defendant does not render a personal judgment against her void. If she relies on coverture as a defense, she should plead it.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The defendant Adams was Sheriff of the City and County of San Francisco. The judgment for the damages was rendered against Robert White alone, and he appealed. When the default was set aside, the Sheriff returned the property to the plaintiff. The other facts are stated in the opinion.

*Wm. D. Bliss,* for the Appellants.

The judgment rendered in the action of *Robert White v. Daniel White and Eliza Jane White,* and the execution issued thereon, were a sufficient justification for the seizure and detention of the vessel. (Freeman on Judgments, secs. 116, 118, 119; *Bickerstaff* v. *Doub,* 19 Cal. 112; *Moore* v. *Martin,* 38 Cal. 428.)

The order vacating the judgment against respondent and recalling the execution did not and could not have the effect to make appellant liable for the acts done under their authority *before the order was made,* because the judgment was free from all irregularity, and was rendered in strict conformity with the rules of practice. (Freeman on Judgments, sec. 104; *Bank of Missouri* v. *Franciscus,* 15 Mo. 303; *Deal* v. *Harris,* 8 Md. 43.)

The coverture of respondent did not render the judgment against her void or irregular; it was a matter of defense against

the demand for a personal judgment, which should have been set up in answer, and then proved on the trial. (*Gambette* v. *Brock*, 41 Cal. 82; Freeman on Judgments, sec. 150.)

*Sol. A. Sharp*, for the Respondent.

By the COURT:

In the year 1871, Daniel White and Eliza Jane White, the plaintiff here, delivered to Robert White, one of the defendants in this action, their joint note and mortgage to secure the payment to him, twelve months after date, of the sum of two thou-. sand dollars, with interest at the rate of one per cent. per month. In 1873, the defendant Robert White commenced an action to foreclose the mortgage, alleging in the complaint that some two thousand dollars was due to him thereon by the defendants.· To this complaint the defendants, having been duly summoned, appeared and filed a demurrer and a motion to. strike out a portion of the complaint. These were subsequently withdrawn by stipulation, and afterwards the defendants in that action submitted to a default, and judgment was thereupon regularly entered directing a sale of the mortgaged premises, with the usual clause adjudging the defendants in that action personally liable to pay any deficiency remaining after the application of the proceeds arising from the sale of the mortgaged premises. Upon the sale of the mortgaged premises a deficiency of some seven hundred and forty-two dollars resulted, and an execution in due form was thereupon issued against the property of the judgment-debtors, to enforce the collection of that sum. This execution was subsequently levied upon the schooner *Anastasia*, which was the property of the plaintiff here. In the meantime the plaintiff here applied to the Court in which the proceedings in foreclosure had been instituted, to set aside the default which had been entered against her in the foreclosure suit, and in that application it was for the first time made to appear in that case that the plaintiff here was, and had been for many years, the wife of Daniel White, her co-defendant in that action. The Court set aside the default, and thereupon the plaintiff here commenced

this action in the Court below for the recovery of damages sustained by her by reason of the seizure and detention of the schooner, and upon the trial had judgment against the defendant Robert White.

It is to be observed that there is nothing in the record showing any fraud or bad faith upon the part of defendant White, who was the plaintiff in the proceedings to foreclose the mortgage. He had proceeded regularly and upon proper summons issued, and appearance upon the part of the defendants in that suit regularly entered. A decree had been in due time and form entered in his favor upon the failure of the defendants to make a proper defense.

If the plaintiff here intended to rely upon her coverture as a defense, she should have interposed the defense then. It was doubtless competent for the Court in which the proceedings in foreclosure had been instituted to open the default, upon the fact of coverture being made to appear, as was done. But the plaintiff here cannot, under such circumstances, recover damages for the mere seizure of her property upon execution duly issued, and its detention by the Sheriff intermediate to the Sheriff's return of deficiency, and the setting aside of the judgment in the foreclosure suit. The proceedings had upon the execution were correct in all respects when they were taken, and the subsequent opening of the default and setting aside the judgment upon which the execution was founded did not operate to make the plaintiff in the execution a trespasser, or render him liable in damages for the seizure and detention of the plaintiff's property.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.