3   459
4   100
7   381
9   313

Vantilburg, respondent, *v.* Black, appellant.

Married woman — *judgment on her promissory note erroneous, not void — defense of coverture.* W. and his wife R. made a promissory note to B., and executed a mortgage of W.'s real property to secure its payment. R. did not receive any part of the consideration of the note. B. commenced an action on the note and mortgage, and the records of the court show that W. and R. appeared by an attorney, and filed a demurrer, which was overruled. No other defense was made, and a personal judgment was rendered against W. and R., and a deficiency judgment was entered against W. and R. upon the filing of the return of the sheriff, showing that a part of the first judgment remained unpaid after the sale of the mortgaged property. *Held*, that the judgments against R. were erroneous, but not void. *Held, also,* that the coverture of R. would have been a good defense in the action brought by B., but that her failure to plead the same does not affect the judgments against her, which are valid until they are reversed or annulled.

Same — *relief from erroneous judgment — motion after adjournment of term.* R. filed a motion to vacate the judgment against her at the first term of the district court that was held after they had been entered, and the motion was overruled. R. did not appeal from any of these proceedings, or set forth in her complaint any excuse for her neglect so to do, and commenced this action to annul the judgments about sixteen months after the entry of the deficiency judgment. *Held*, that the court did not have jurisdiction to entertain this motion after the adjournment of the term at which the personal judgment was entered. *Held, also,* that R., having failed to use proper diligence in seeking legal remedies, and exercising her statutory right of appeal within a year after the commission of the acts complained of, cannot maintain this action for equitable relief.

Case affirmed. The case of *Boley* v. *Griswold*, 2 Mon. 447, holding that equity will not afford relief to a party who has been negligent in obtaining a legal remedy, affirmed.

Jurisdiction — *pleading of facts affecting jurisdiction of married women.* R. alleged in her complaint in this action that no summons was served upon her in the suit commenced by B., that she did not authorize any attorney to

appear for her, and that she did not file a demurrer therein. B. in his answer denied these allegations, and averred that a summons was served upon R., that she appeared in court and filed a demurrer, and that she had actual knowledge of the judgments at the time the same were entered. The court struck from the complaint and answer these allegations and averments, and rendered judgment on the amended pleadings for R. *Held,* that the court erred in making these amendments to the pleadings, and that these issues were material, and should have been determined before the entry of a judgment in the action.

*Appeal from Third District, Jefferson County.*

THIS action was tried by WADE, C. J., without a jury.

CHUMASERO & CHADWICK, for appellant.

Appellant had a remedy at law. No appeal was taken from the judgment, and she did not attempt to interfere with it until a year after she had notice of the deficiency judgment. *Logan* v. *Hillegass,* 16 Cal. 200.

Where a married woman fails to interpose the defense of coverture she is estopped from availing herself of such fact after judgment to avoid the levy of an execution. *McDaniel* v. *Carver,* 40 Ind. 250; *Elson* v. *O'Dowd,* id. 300; *Wagner* v. *Ewing,* 44 id. 441; Freeman on Judgm., §§ 502, 503, 506.

A judgment against a married woman is conclusive if not reversed on appeal. A judgment against husband and wife may be satisfied out of the property of either. Freeman on Judgm., § 150; *Gambette* v. *Brock,* 41 Cal. 83; *Guthrie* v. *Howard,* 32 Iowa, 54; *Spalding* v. *Wathen,* 7 Bush, 659.

Judgments against married women cannot be set aside or enjoined without establishing such facts as would entitle the applicant to relief independent of the fact of coverture. *Landers* v. *Douglass,* 46 Ind. 522; *Green* v. *Branton,* 1 Dev. Eq. 500. Coverture is a special defense, and must be pleaded. *Johnson* v. *Miller,* 47 Ind. 376.

Equity will not relieve a party who had a legal remedy and lost it by his negligence. *Imlay* v. *Carpentier,* 14 Cal. 173; *Mastick* v. *Thorp,* 29 id. 444.

Our statutes treat a married woman in regard to her separate property as a *femme sole.* It recognizes her absolute ownership

of it.  Cod. Sts. 521 ; *Griswold* v. *Boley*, 1 Mon. 545 ; Civ. Pr. Act, § 7.

Appellant could charge her property, and did so by signing the note and mortgage. *Gardner* v. *Gardner*, 7 Paige, 112 ; 2 Kent's Com. 164 ; *Vanderheyden* v. *Mallory*, 1 N. Y. 452 ; *Fire Ins. Co.* v. *Bray*, 4 id. 9 ; *Major* v. *Symmes*, 19 Ind. 117 ; *Grapengether* v. *Fejervary*, 9 Iowa, 163 ; *Miller* v. *Newton*, 23 Cal. 554.

The case of *Yale* v. *Dederer*, 18 N. Y, 265, is overruled in *Todd* v. *Lee*, 15 Wis. 365.

In conflict with the law laid down in the authorities, the court below amended the pleadings and struck out material issues.

SHOBER & LOWRY, for respondent.

Rosa S. Vantilburg, the respondent, was the wife of William Vantilburg, when she executed the note and mortgage to appellant, and the judgment was entered against her. At common law, the legal existence of the woman is suspended during marriage and the husband and wife are one person. 1 Chitty's Blackstone, § 442. The wife during coverture could not be a party to a promissory note. Story on Prom. Notes, §§ 75, 85. Her contracts are not voidable, but absolutely void. Chitty on Bills, 24, 225 ; Story on Prom. Notes, § 80 ; Byles on Bills, 47, 48. At common law, the judgment and note of Mrs. Vantilburg were void.

In Montana, the statutes exempt certain property from seizure on account of the husband's debts. Cod. Sts. 521, § 1. She may sue and be sued under certain circumstances. She may devise and dispose of property. Cod. Sts. 555, § 1. These laws do not make the contracts of the wife, which were not valid at common law, valid. Equity will not enforce against a married woman a promise as a surety, which is void at law. *Yale* v. *Dederer*, 18 N. Y. 265 ; S. C., 22 id. 450.

In order to charge the separate estate of a married woman, the intention to do so must be declared in the contract. 2 Kent's Com. 153 ; *Miller* v. *Newton*, 23 Cal. 554 ; *Campbell* v. *Morrison*, 7 Paige, 157.

Where an unjust judgment has been obtained through accident, mistake or fraud, and the statute provides no remedy by a motion, a court of equity will maintain jurisdiction and render adequate relief. *Bibend* v. *Kreutz,* 20 Cal. 109. All courts having chancery jurisdiction, have power to set aside a judgment improperly obtained. *People* v. *Lafarge,* 3 Cal. 130. A party is not confined to his statutory remedy, but may resort to equity for relief against a judgment obtained by fraud or surprise. *Carpentier* v. *Hart,* 5 Cal. 406; *Wolf* v. *Van Metre,* 23 Iowa, 397.

There was no authority at common law to render a deficiency judgment against respondent. There is no authority given by the statutes of Montana.

BLAKE, J. This action was brought by the respondents to procure the annulment of a deficiency judgment, which had been entered against Rosa S. Vantilburg, the wife of William Vantilburg, in favor of Leander M. Black, the appellant, and enjoin said Black from collecting the same by execution. The court below struck out parts of the complaint and answer and then rendered judgment for Mrs. Vantilburg on the pleadings.

An examination of the following facts will enable us to understand the questions which must be considered. William Vantilburg borrowed of Black before November 6, 1872, six thousand dollars, and the following promissory note was then executed by the respondents and delivered to Black:

$6,000. "JEFFERSON COUNTY, M. T., *November 6th,* 1872.

Twelve months after date, I promise to pay to the order of L. M. Black, the sum of six thousand dollars for value received, together with interest thereon at the rate of two per cent per month from date until paid, said interest to be paid monthly.

WILLIAM VANTILBURG.<br>ROSA S. VANTILBURG."

A mortgage of the real property of William Vantilburg was executed by the respondents to secure the payment of this note. No part of the consideration was received by Mrs. Vantilburg

or expended upon her separate estate. Black commenced an action January 30, 1874, to foreclose this mortgage, and a decree was rendered February 24, 1874, by which it was adjudged that there was due from the respondents to Black the sum of $9,613.40; that the mortgaged property should be sold to pay the same ; and that a deficiency judgment should be entered against the respondents, if it appeared from the sheriff's return that any sum remained unpaid. The property was sold April 1, 1874, for $4,000, and the return of the officer showed that there was due to Black the sum of $5,772.62. The clerk of the court below then entered in vacation a judgment against the respondents for this amount of the deficiency. At the first term of the district court, which was held after the entry of the decree and deficiency judgment, Mrs. Vantilburg filed a motion to set aside the proceedings affecting her rights. The motion was overruled. No appeal was taken by the parties, and this action was commenced August 16, 1875. William Vantilburg does not pray for any relief, and has been made a party to obtain an adjudication of the interests of his wife.

How were the rights of Mrs. Vantilburg affected by the execution of the note and mortgage to Black? The extent of her power in this Territory is determined by the following statutes: " The common law of England, so far as the same is applicable and of a general nature, and not in conflict with special enactments of this Territory, shall be the law and the rule of decision, and shall be considered as of full force until repealed by legislative authority." Cod. Sts. 388. Certain property of a married woman is exempt from the debts and liabilities of her husband. Cod. Sts. 521; *Griswold* v. *Boley*, 1 Mon. 545 ; S. C., 20 Wall. 486; *Boley* v. *Griswold*, 2 Mon. 447. The Civil Practice Act provides that " if a husband and wife be sued together, the wife may defend for her own right." § 8.

One rule, which is applicable to this subject, has been laid down in *Nash* v. *Mitchell*, 71 N. Y. 204, by Mr. Justice ALLEN : " The disabilities of a married woman are general, and exist at common law. The capabilities are created by statute, and are few in number, and exceptional." Many of these disabilities have been

removed in the States and Territories by legislation which has not been adopted in Montana. The obligation of Mrs. Vantilburg in executing and delivering the note and mortgage to the appellant must be governed by the common law.

The decisions of the supreme court of California concerning this question have been uniform from the case of *Rowe* v. *Kohle*, 4 Cal. 285, to that of *Drais* v. *Hogan*, 50 id. 121. In *Simpers* v. *Sloan*, 5 id. 457, the court held that a married woman has no power to sign in her own name a promissory note, and execute a mortgage to secure its payment. In *Luning* v. *Brady*, 10 Cal. 265, Thomas Brady and his wife, Josephine Brady, made and delivered to Luning a promissory note, and a mortgage securing its payment. Thomas Brady was discharged from his debts under the law for the relief of insolvent debtors, and afterward, a decree was obtained adjudging that Luning recover from Mrs. Brady the amount due upon the note; that the mortgaged premises be sold; and that Mrs. Brady pay any deficiency after the application of the proceeds of the sale. In the opinion of the court, Mr. Justice FIELD says: "By the common law, a married woman cannot bind herself by contract. * * * The joint and several promissory note of the defendant Brady and his wife was only obligatory as the individual contract of her husband. *Rowe* v. *Kohle*, 4 Cal. 285. * * * It follows that the decree is erroneous in adjuging a recovery against the defendant Josephine, for the principal and interest of the note, and in directing execution for any deficiency which may remain after the application of the proceeds of the sale of the mortgaged premises." The same views are maintained in *Brown* v. *Orr*, 29 Cal. 120, and *Belloc* v. *Davis*, 38 id. 256.

A brief review of some recent cases by the supreme court of Massachusetts may be instructive. In *Athol M. Co.* v. *Fuller*, 107 Mass. 437, Mrs. Fuller, a married woman, gave her promissory note in payment of one made by her and her husband on account of certain articles intrusted to him by the Athol Manufacturing Company. The court held that Mrs. Fuller was a surety for her husband, without any consideration received by her or any benefit to her separate estate, and that the note was

invalid. Similar opinions are announced in *Williams* v. *Hay-ward*, 117 Mass. 532, and *Nourse* v. *Henshaw*, 123 id. 96. In *Williams* v. *Hayward, supra*, the husband and wife signed the note and secured its payment by a mortgage of her separate real estate in settlement of a judgment recovered against the hus-band. In *Nourse* v. *Henshaw, supra*, the consideration of the note made by the husband and wife was money loaned to the lat-ter upon an agreement that it should be applied to the use of her husband or his firm. The payment of this note was secured by a mortgage of her real estate, and the question before the court was her liability for what remained unpaid after the foreclosure of the mortgage. After these decisions had been rendered, the legislature of Massachusetts passed an act in 1874 (ch. 184) that enables a married woman to make contracts " in the same man-ner as if she were sole," and does not require the consideration of her contracts to be for her own benefit. After this law took effect three actions were brought on promissory notes made by the husband and wife in payment of his debts, and no part of the consideration was advanced or expended on her separate prop-erty. *Major* v. *Holmes*, 124 Mass. 108. The court held that the wife was liable under this act, and Chief Justice GRAY said: "Before the statute of 1874 (ch. 184) the female defendant would not have been liable in either of these cases, because con-tracts could only be made by a married woman in reference to her separate property, business or earnings." No law embracing these provisions has been enacted in this Territory.

The same doctrine prevails in New York. In *Yale* v. *Dederer*, 22 N. Y. 450, it is held that the contract of a married woman, which was not made in her separate business, or does not relate to her separate property, is void at law, and cannot be enforced in equity against her estate, unless the intention of charging her property is expressed in the contract or implied from its terms. This case has been approved and followed in the State. *Com. Ex. Bank* v. *Babcock*, 42 N. Y. 614; *Manhattan B. & M. Co.* v. *Thompson*, 58 id. 80; *Gosman* v. *Cruger*, 69 id. 87; *Nash* v. *Mitchell, supra*. In the opinion in the last case Mr. Justice ALLEN says: "The law does not authorize the presumption, and

courts cannot assume without evidence, that a simple contract, without any thing on its face to indicate the fact, was made for the benefit of the estate of a married woman."

The propositions which have been discussed are supported by the following authorities: 1 Pars. on Notes and Bills, 78 ; 2 Kent's Com. (12th ed.) *164 ; 2 Story's Eq. Jur., § 1397; 1 Jones on Mort., §§ 106–118; Schouler's Dom. Rel. 75.

Mr. Jones, in his excellent work on Mortgages, considers the liability of a married woman for a deficiency arising upon a foreclosure of the mortgage upon her property, when the lien thereon may be valid in equity, and her note or personal obligation secured may be void, and observes : " Of course in such case, when the remedy has been exhausted against the mortgaged estate, there is no further remedy against her. If, for instance, she borrow money upon a mortgage of her real estate for the accommodation of her husband, and it is paid to him, she is under no liability for any deficiency after the application of the property to the repayment of the loan." § 111. In *Stephen* v. *Beall*, 22 Wall. 329, Mr. Justice HUNT passes upon the power of a married woman to charge her separate estate with the payment of her husband's debts, or any other liability, and concludes that the subjects of discussion by the courts relate to the manner in which she should exercise this right, and " the requisite evidence of its due execution."

In the case at bar, there is nothing upon the face of the note or mortgage, or in the transcript, to show that Mrs. Vantilburg intended to charge her estate with the payment of the note to Black. On the contrary, the real property of her husband was mortgaged for this purpose, and the answer of Black avers that she had no estate at the time that the note and mortgage were executed. If the appellant was then satisfied that Mrs. Vantilburg had no property in her own right, he could not believe that she intended to render her separate estate liable on account of the note. We entertain no doubt that the entry of the personal and deficiency judgments against Mrs. Vantilburg was erroneous.

What was the effect of the first judgment that was entered against Mrs. Vantilburg? Assuming that the appellant is cor-

rect in claiming that the court below had jurisdiction of the parties and the subject of the action, the validity of the judgment must be inquired into. If it was void, it was in the eyes of the law no judgment, and no execution could be issued legally to collect any part thereof from Mrs. Vantilburg, and no deficiency judgment could be entered properly against her by the clerk of the court below. Freeman on Judgm. (2d ed.), § 117, and cases there cited. We may say further that, if this judgment were void, there was no error in the proceedings of which the appellant complains. The authorities are conflicting upon this question. Mr. Freeman in his treatise on Judgments cites the cases in the courts of Maryland, Massachusetts, Missouri and Pennsylvania, which would decide that the judgments against Mrs. Vantilburg are nullities, and says: "Notwithstanding the decisions to which we have referred, the preponderance of authority is in favor of the rule that a judgment against a married woman is not void; and that when erroneous, because based upon a contract which she was not competent to make, or from any other reason, it is still binding upon her until set aside upon appeal or by some other appropriate method." It must be conceded that the doctrine of the courts of these States is founded upon strong reasons, but we think that the best rule has been followed by a majority of the highest tribunals of the Union.

Mr. Bishop, in his commentaries on the Law of Married Women, remarks: "Judicial proceedings, conducted and entered of record in due form, without fraud, bind the parties to them, whether those parties are capable of binding themselves out of court or not. It is so, for example, where an insane person takes a cause into court. In the words of Lord COKE, 'all acts which he doth in a court of record, either concerning his lands or goods, shall bind himself and all others forever.' *Beverley's case*, 4 Co. 123, b. So it is likewise with a woman under coverture." Vol. 2, § 386. Mr. Bishop refers to the case of *Green* v. *Branton*, 1 Dev. Eq. 500, in which Mr. Justice RUFFIN says: "Married women are bound by judgments at law as much as other persons, with the single exception of judgments allowed by the fraud of the husband in combination with another." In *Gam-*

*bette* v. *Brock*, 41 Cal. 78, it is held that a judgment entered in the justices' court against a married woman upon a contract made by her during coverture is valid until reversed. The latest decision bearing on this question, which we have examined, is that in *White* v. *Adams*, 52 Cal. 435. White and his wife executed their joint note and mortgage to secure the payment of money; the mortgage was foreclosed, and a decree in due form was entered upon the failure of the Whites to make a proper defense. The court assert in the opinion that "if the plaintiff here (Mrs. White) intended to rely upon her coverture as a defense, she should have interposed the defense then."

Some general principles respecting this investigation may be found in the following decisions of the supreme court of the United States. In *Elliott* v. *Peirsol*, 1 Pet. 328, Mr. Justice TRIMBLE says: " Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities." Chief Justice MARSHALL delivered the opinion in *Ex parte Watkins*, 3 Pet. 193, and said: " The cases are numerous which decide that the judgments of a court of record having general jurisdiction of the subject, although erroneous, are binding till reversed." In *Voorhees* v. *U. S. Bank*, 10 Pet. 449, it is held that a judgment which remains in force is evidence of the right of a plaintiff to process to execute the judgment, and that the errors of the court in which the judgment has been entered, "however apparent, can be examined only by an appellate power." It is also held in *Cooper* v. *Reynolds*, 10 Wall. 308, and *Gunn* v. *Plant*, 94 U. S. 644, that a judgment, which has been duly rendered in a court having jurisdiction, is binding until reversed or set aside, " no matter how irregular it may be as to matters of form."

We are, therefore, led by these authorities to the conclusion that the judgments against Mrs. Vantilburg were erroneous, but not void. The failure to plead her coverture, which was a good defense in the action brought by Black against the respondents upon

the foregoing note and mortgage, was a fatal omission, and these judgments are valid until they are reversed or set aside by appropriate tribunals.

What was the remedy of Mrs. Vantilburg? She alleges in her complaint that she filed a motion, together with affidavits setting forth the facts that have been alluded to, to vacate the judgments, at a term of the district court succeeding that at which the decree had been entered. The court below overruled the motion. This action was proper upon one ground, if no other. After the adjournment of a term a court loses control over the judgments rendered at such term, unless its jurisdiction is saved by some proceedings instituted within the time allowed by law. *Daniels* v. *Daniels*, 12 Nev. 118 ; *Bibend* v. *Kreutz*, 20 Cal. 109 ; *De Castro* v. *Richardson*, 25 id. 49.

Under the statute of this Territory Mrs. Vantilburg had the right to appeal from the original judgment within one year after the entry thereof. She did not resort to this remedy, and, about five months after the expiration of this period, commenced this action. When a party neglects to avail himself of a statutory privilege that affords him a full, complete and adequate remedy, he cannot obtain relief in an equitable proceeding of this nature. In *Drais* v. *Hogan*, *supra*, it appears that a judgment had been entered regularly against a married woman, upon a contract which she could not make legally, that the complaint was "radically defective and wholly insufficient to support that judgment," and that no appeal had been taken therefrom. The court held that an appeal from the judgment would have terminated in favor of the wife, but that her rights were lost by the failure to appeal within the time limited by the statute. The complainant in *Creath* v. *Sims*, 5 How. (U. S.) 192, sought to be relieved in equity from a judgment entered in a court of law on a promissory note, upon the ground that there was a failure or illegality of the consideration of the note. Mr. Justice DANIEL maintains in the opinion that "no reason is perceived why such a defense should not have been made or attempted," and that a court of equity "will never be called into activity to remedy the consequences of laches or neglect, or the want of reasonable diligence. Whenever, there-

fore, a competent remedy or defense shall have existed at law, the party who may have neglected to use it will never be permitted here to supply the omission, to the encouragement of useless and expensive litigation, and perhaps to the subversion of justice." In the recent case of *Brown* v. *County of Buena Vista*, 95 U. S. 157, Mr. Justice SWAYNE states that it is well settled that a court of equity has the power to relieve against a judgment in a direct proceeding for this purpose on the ground of fraud, accident or mistake. " But such relief is never given upon any ground of which the complainant, with proper care and diligence, could have availed himself in the proceeding at law. In all such cases he must be without fault or negligence. If he be not within this category, the power invoked will refuse to interfere, and will leave the parties where it finds them. Laches, as well as positive fault, is a bar to such relief." These views are sustained by many authorities. *Voorhees* v. *U. S. Bank, supra; Sample* v. *Barnes*, 14 How. (U. S.) 70 ; *Walker* v. *Robbins*, id. 584 ; *Tilton* v. *Cofield*, 93 U. S. 163 ; Freeman on Judgm. (2d ed.), §§ 485–487, 502–506 ; 2 Story's Eq. Jur., §§ 894–896, 1571–1575, 1583. We examined some of these questions in *Boley* v. *Griswold, supra*, and held that " a court of equity will not interfere by injunction to restrain a party from executing his judgment, unless the injured party has been prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, from availing himself of the facts in a court of law, which prove it to be against conscience to enforce the judgment."

It is conceded that the court, in which the judgment complained of was entered, had jurisdiction of the subject of the action, and the respondent, William Vantilburg, and we have assumed in these inquiries what the papers in that case show, that jurisdiction had been obtained of Mrs. Vantilburg. It appears therein that a proper summons was served regularly upon her; that she and her husband appeared in court by an attorney who filed a demurrer; that the demurrer was overruled ; that no further defense was made ; and that the judgment was thereafter duly entered. But Mrs. Vantilburg alleges in the complaint in this action that no summons or other process in the original case was

ever served upon her, that she never appeared in court or authorized any attorney to act in her behalf, and that she had no notice or knowledge of this judgment until about five months after its entry.   The answer of Black denied the averments, and stated affirmatively the facts to the contrary.   On the motion of the respondents, the court below struck these denials and allegations from the answer, because they were redundant and irrelevant.   The complaint was then amended on the motion of the appellant, and a judgment was rendered upon the pleadings in favor of Mrs. Vantilburg, and the personal and deficiency judgments against her were annulled.   We think that the court erred in granting the motion of the respondents and thereby failed to submit for trial material issues.   If these allegations of the complaint are established, Mrs. Vantilburg shows a sufficient excuse for her neglect to defend in the first action.   If, however, the allegations of the answer are proved, the judgments against Mrs. Vantilburg cannot be affected by this action.   These issues should be tried " after full opportunity has been given to those who seek to sustain, as well as to those who seek to avoid, the judgment."   Freeman on Judgments (2d ed.), § 495.   We might enforce the principles which have been stated, and adjudge that this action be dismissed on account of the failure of Mrs. Vantilburg to appeal from the judgment after she had been informed concerning its entry.   But after a review of the facts before us, we have concluded that it would not be proper to exercise our discretion in this manner.

It is, therefore, ordered and adjudged that the judgment of the court below be reversed with costs, and that this action be remanded for a new trial in conformity to this opinion.

*Judgment reversed.*