[Civ. No. 16979.   Second Dist., Div. Two.   Oct. 5, 1949.]

GENE HAMILTON, Appellant, v. J. E. WATERS et al., Respondents.

Gene Hamilton, in pro. per., for Appellant.

Jones & Hoyt and Irving I. Bass for Respondents.

WILSON, J.—Appeal from judgment in favor of defendants Waters and Jones following the sustaining of a demurrer to the second amended complaint without leave to amend.

Respondents Waters, through their attorney respondent Jones, filed an action for unlawful detainer against appellant in the Municipal Court of Los Angeles. Judgment was rendered in favor of the plaintiffs from which an appeal was taken to the appellate department of the superior court. The appeal was dismissed. Judgment having become final, a writ of possession was issued and delivered to the marshal of the municipal court for enforcement pursuant to which possession of the premises was delivered to the plaintiffs. Defendant in that action, appellant here, then filed the instant case in the superior court against respondents Waters and Jones and the marshal to recover damages alleged to have been suffered by reason of her eviction. Demurrers to the second amended complaint were sustained without leave to amend as to all defendants except the marshal. Judgment was rendered in favor of the demurring defendants from which comes this appeal.

1. Appellant alleges that she was not served with a 30-day notice of termination of tenancy or a three-day notice to pay rent or quit and that summons and complaint in the unlawful detainer action were not served upon her. Insofar as this action for damages is concerned such contentions have been disposed of by the judgment of the municipal court and the dismissal of the appeal therefrom. Her only relief, if such allegations be true, is by an action in equity to set aside the judgment. The instant cause is a collateral attack on a valid, final judgment. An action for damages cannot be maintained against respondents by reason of the enforcement of an execution regularly issued upon a valid judgment. (*White* v. *Adams*, 52 Cal. 435, 437.) A judgment of a court of

868

general jurisdiction cannot be attacked in a collateral proceeding. (*Estate of McNeil,* 155 Cal. 333, 340 [100 P. 1086]; *Hogan* v. *Superior Court,* 74 Cal.App. 704, 708 [241 P. 584].)

■ 2. Appellant alleges acts of undue force and violence on the part of the marshal in ejecting her and her property from the premises. Since respondents had a valid, final judgment for possession of their property they were entitled to a writ of enforcement to oust appellant from the premises and to have such writ executed by the marshal of the court. If he used excessive force or unlawful means in enforcing the writ respondents are not responsible therefor in the absence of active participation therein.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 24, 1949, and the opinion was then modified to read as above. Appellant's petition for a hearing by the Supreme Court was denied December 1, 1949.