[No. B001151. Second Dist., Div. Seven. Sept. 25, 1984.]

RANJI BEDI et al., Plaintiffs and Appellants, v.
ROBERT J. McMULLAN et al., Defendants and Respondents.

## COUNSEL

Samuel F. Galici for Plaintiffs and Appellants.

Meller & Synder, William C. Synder and MacDonald & Fabozzi for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—Plaintiffs appeal from a judgment dismissing their complaint for forcible entry and detainer following the sustaining of defendants' demurrer without leave to amend. We reverse.

## FACTS AND PROCEEDING BELOW

■ For purposes of this appeal we accept as true the properly pleaded factual allegations of the complaint. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].) The allegations must be liberally construed with a view to attaining substantial justice among the parties. (Code Civ. Proc., § 452; *King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) Furthermore, the respondents failed to file a brief. Consequently, we accept the facts stated in appellant's brief as true. (Cal. Rules of Court, rule 17(b).)

The complaint seeks to impose liability upon landowners, the McMullans, their attorney, his law firm, and his secretary, for forcible entry and detainer of residential property in the peaceful possession of the Bedi family.

The Bedis allege defendant Robert McMullan appeared at their home one morning accompanied by two uniformed deputies of the Los Angeles County Marshal. The deputies knocked on the door and demanded entry. When the door was opened, they and McMullan forcibly entered and demanded the immediate departure of the Bedis. The Bedis left the premises and the McMullans took possession. It is alleged this eviction occurred under color of an invalid writ of execution, the underlying unlawful detainer judgment having been set aside. (Although a subsequent judgment for possession was entered in favor of the McMullans, the writ the marshal executed was not based on this judgment.) The Bedis further allege the defendants knew the unlawful detainer judgment on which the writ was based had been set aside but deliberately concealed this information from the marshal and deceived the marshal into believing he had judicial authority to execute the writ. The marshal was not named as a defendant in the suit.

The defendants demurred to the complaint on the ground it failed to state facts sufficient to constitute a cause of action for forcible entry or detainer. Defendants contended they achieved possession through the judicial process and therefore could not be guilty of forcible entry or detainer.

The trial court held, as a matter of law, a landlord who forcibly enters and takes possession of the tenants' premises under color of a writ of execution is not guilty of forcible entry and detainer even if the writ of execution is invalid.

## ISSUE

■ The sole issue in this appeal is whether the forcible entry and detainer law (Code Civ. Proc., §§ 1159, 1160) applies to a landlord who forcibly enters and detains real property under an invalid writ of execution.

For the reasons set forth below, we have concluded such a landlord is in no better position than any other landlord engaged in forceful self-help.

## DISCUSSION

A forcible entry occurs when one, "[w]ho, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession." (Code Civ. Proc., § 1159, subd. 2.) A forcible detainer occurs when a person, "[b]y force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise. . . ." (Code Civ. Proc., § 1160, subd. 1.) The facts alleged in the Bedis' complaint describe a forcible entry and detainer as defined in the statute. Nevertheless, the trial court believed the forcible entry and detainer law only applies to landlords who engage in self-help evictions wholly outside the judicial system. Because the defendants here at least made an attempt, albeit ineffectual, to use the judicial process to evict the Bedis, the trial court believed they should be shielded from liability for forcible entry and detainer.

We find no reason why a landlord should not be liable for forcible entry and detainer if he evicts a tenant under color of a void judgment. A default judgment that has been set aside will not support a writ of execution (*Stegge* v. *Wilkerson* (1961) 189 Cal.App.2d 1, 5 [10 Cal.Rptr. 867]), and it is well settled a party is liable in tort if he executes a void judgment against the property of another. (*Kee* v. *Becker* (1942) 54 Cal.App.2d 466, 471 [129 P.2d 159]; *Lee* v. *Merchants Collection Assn.* (1957) 155 Cal.App.2d 762, 765 [318 P.2d 701].) In addition, state officials were held liable for forcible entry and detainer when they evicted a tenant under color of a void statute. (*McCauley* v. *Weller* (1859) 12 Cal. 500, 528.)

The trial court took the view an eviction by the marshal under color of judicial process is not forcible, by definition. ■ It is certainly true a landlord is not liable for forcible entry and detainer if he evicts a tenant under a *valid* writ of execution issued under an *enforceable* judgment. (*Hamilton* v. *Waters* (1949) 93 Cal.App.2d 866, 867 [210 P.2d 67].) ■ But, the case at bench presents just the opposite set of facts. It is alleged the eviction was carried out under an *invalid* writ of execution issued under an *unenforceable* judgment.

Clearly, an eviction is no less forcible because it is carried out by the marshal instead of by the landlord personally. (See *Tri-State Refreshments, Inc.* v. *Nitke* (1964) 41 Misc.2d 386 [246 N.Y.S.2d 79, 83-84].) In the instant case the Bedis were confronted by two uniformed officers who demanded they leave the premises immediately. It is difficult to imagine this

did not lead the Bedis to believe they must do as they were told or provoke the officers into using physical force. (Cf. *Tri-State Refreshments, supra,* 246 N.Y.S.2d at p. 84; *Jordan* v. *Talbot* (1961) 55 Cal.2d 597, 607 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161].) The fact the Bedis bowed to the implicit threat of force posed by the marshal rather than precipitate a showdown in no way undercuts their cause of action for forcible entry and detainer. (*Allen* v. *McMillion* (1978) 82 Cal.App.3d 211, 218 [147 Cal.Rptr. 77].) As the *Allen* case indicates, it would be incongruous in the extreme if a statute intended to prevent landlords from taking the law into their own hands should be interpreted to encourage a tenant to take the law into his hands when faced with law enforcement officers acting on the landlord's behalf. (And see *Tri-State Refreshments, supra,* pp. 83-84.)

The difference between a landlord's self-help eviction and a marshal's eviction under a writ of execution is not that the former is forcible and the latter not forcible. The difference is, society is willing to tolerate a forcible eviction if it is necessary and judicially authorized. (See Comment, *Defects in the Current Forcible Entry and Detainer Laws of the United States and England* (1978) 25 UCLA L.Rev. 1067, 1089-1090; *Jordan* v. *Talbot, supra,* 55 Cal.2d at p. 604.) For this reason we reject the trial court's conclusion the defendants are outside the ambit of the forcible entry and detainer law because they had a judgment for possession. The judgment only establishes their entitlement to possession. ▮ "Regardless of who has the right to possession, orderly procedure and preservation of the peace require that the actual possession shall not be disturbed except by legal process." (*Jordan* v. *Talbot, supra,* 55 Cal.2d at p. 605.) A valid writ of execution is the ultimate indispensable element of the legal process by which a party entitled to possession of the property acquires possession. Allowing the landlord to forcibly evict a tenant on the strength of a judgment alone would remove the key conditions on the use of force: necessity and judicial authorization.

The procedure for executing a writ for possession is designed to avoid a forcible eviction whenever possible. Accordingly, the occupants of the property must be given five days from the date of service of the writ to voluntarily vacate the property.* Only if the occupants do not vacate the premises in five days is the levying officer authorized to remove them by force, if necessary, and place the landlord in possession. (Code Civ. Proc., §§ 715.010, subd. (b)(2), 715.020, subd. (c), 1174, subd. (d).) The writ also serves to inform the levying officer and the occupants that eviction has been judicially authorized. The mere fact a judgment for possession has

---

*We cannot determine from the record whether the Bedis were served with the writ at least five days before execution.

been rendered does not mean eviction is authorized. The judgment may have been stayed, (Code Civ. Proc., § 1176, subd. (a)) the tenant may have been granted relief from the judgment (Code Civ. Proc., § 1179) or the occupant may not be named in the judgment, (see *Arrieta* v. *Mahon* (1982) 31 Cal.3d 381 [182 Cal.Rptr. 770, 644 P.2d 1249].) There is no substitute for the crucial element of a valid writ of execution. The fact that before they forcibly evicted the Bedis the defendants tried but failed to obtain a valid writ of execution in no way entitled them to the trial court's solicitude.

It is difficult to understand why, if they had a subsequent, valid judgment for possession, defendants did not obtain a writ of execution based on that judgment instead of proceeding under a writ issued on a judgment which had been set aside. ▉ Nevertheless, on the basis of the facts pled we conclude the complaint states a cause of action for forcible entry and detainer.

### DISPOSITION

The order dismissing the complaint is reversed.

Lillie, P. J., and Thompson, J., concurred.