Filed 12/6/23  Cluney v. Sorour DMD PC CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHEYANNE CLUNEY, | B316208 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC652583) |
| v. | |
| SOROUR DMD PC, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jon R. Takasugi, Thomas D. Long and Audra M. Mori, Judges.  Affirmed.

Brian J. Jacobs for Plaintiff and Appellant.

Brian P. Kamel & Associates, Brian P. Kamel and Yee Lam for Defendants and Respondents.

Plaintiff and appellant Cheyanne Cluney (plaintiff) appeals from an August 21, 2021 order vacating the default and setting aside the default judgment entered against defendants and respondents Sorour DMD PC (the corporation), Selvana Sorour (Selvana), and Tharwat Sorour (Tharwat),[1] and recalling and quashing a writ of execution issued against defendants. We affirm the trial court's order.

## BACKGROUND

Plaintiff commenced this action against defendants for professional negligence on March 10, 2017. Nearly a year and a half later, on August 27, 2018, plaintiff filed proofs of service of the summons and complaint on each of the defendants. The proofs of service indicate that the summons, complaint, statement of damages, and related documents were served on August 16, 2018, by substituted service on "Jane Doe (receptionist)" at a business address in Hawthorne, California. Copies were also mailed to defendants at the Hawthorne address that same day.

A declaration of diligence states that the process server went to the Hawthorne address on three consecutive days in August 2018. On the first day, August 14, 2018, the process server noted, "Subject not in per receptionist who advised they have not been here for a whiel [*sic*] and that they have other locations." The process server returned to the Hawthorne address the next two days, on August 15 and 16, 2018 and noted

---

[1] Because Selvana and Tharwat share the same surname we refer to them individually by their first names and collectively as the individual defendants. We refer to Selvana, Tharwat, and the corporation collectively as defendants.

2

"Subject not in receptionist."  The proofs of service do not indicate that any other attempts were made to locate or serve defendants at any of their other locations.

The superior court clerk entered default against defendants on October 16, 2018.  On February 9, 2021, the trial court entered default judgment against defendants in the amount of $81,731.04.  A writ of execution was issued on March 30, 2021.

Defendants first learned of the judgment when they received a notice of bank levy in June 2021.  On July 26, 2021, defendants filed a motion for an order to set aside or vacate the default and default judgment and to recall and quash the writ of execution, claiming the substitute service was invalid, and they had no actual notice of plaintiff's lawsuit pursuant to Code of Civil Procedure section 473.5.[2]  Defendants further claimed they were entitled to discretionary relief under section 473.

Defendants argued the substitute service at the Hawthorne address was improper because the receptionist at that location had informed the process server during the first unsuccessful attempted service on August 14, 2018, that defendants "have not been here for a while and they have other locations."  (Boldface and underscoring omitted.)  Defendants pointed out that their other locations were publicly available on the California Dental Board Web site and on their own publicly available Web page.

In opposition, plaintiff argued defendants' motion was untimely.  Plaintiff claimed the substitute service on the individual defendants was valid because her attorney had justifiably relied on information obtained from the Dental Board

---

[2]     All further statutory references are to the Code of Civil Procedure.

3

of California listing the Hawthorne address as the "address of record" for Selvana and Tharwat. Plaintiff further claimed the substitute service on the corporation was valid because an individual named "Sam" Sorour contacted plaintiff's counsel after receiving the notice of levy; the notice of levy did not identify plaintiff's counsel or contain counsel's contact information; and Sorour could not have obtained counsel's information if he had not received a copy of the summons and complaint.

After hearing argument from the parties and taking the matter under submission, the trial court issued a written ruling on August 20, 2021, granting defendants' motion in its entirety. The trial court found that defendants' motion was timely under section 473, subdivision (d), because it was filed within 180 days of entry of the default judgment. The trial court further found that the proof of service on the corporation on its face showed lack of proper service, as it did not identify any individual specified in section 416.10 who was served on behalf of the corporation, and plaintiff had failed to show substantial compliance with the statutory service requirements. The trial court therefore concluded that the default judgment entered against the corporation was void.

As to the individual defendants, the trial court found plaintiff failed to sustain her burden of demonstrating reasonable diligence in her efforts to personally serve Selvana and Tharwart. After the receptionist informed the process server on August 14, 2018, that Selvana and Tharwart had not been at the Hawthorne address "for a while" and that they had other office locations, efforts should have been made to locate the correct office rather than immediately resorting to substitute service.

4

The trial court set aside the default judgment entered against each of the defendants and recalled and quashed the writ of execution on that basis. This appeal followed.

## DISCUSSION

### I.  Timeliness

Section 473, subdivision (d) authorizes a court to set aside a void judgment. A default judgment entered against a defendant without service of process in a manner prescribed by statute is void. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544 (*Ellard*).) A motion to set aside a judgment void on its face may be brought at any time. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021 (*Pittman*).) A motion to set aside a default judgment valid on its face but void because of improper service is governed by the limitation periods set forth in section 473.5. (*Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1124 (*Rogers*).) Under section 473.5, subdivision (a) a party that has not received actual notice of an action due to improper service may move to set aside a default or default judgment within "the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

Plaintiff contends defendants' motion to set aside the judgment was untimely because it was not filed within 180 days after entry of default. That argument was previously rejected in *Rogers, supra*, 216 Cal.App.3d 1114, a case on which plaintiff relies but that undermines rather than supports her position. The court in *Rogers* stated "the time in which to file a motion to vacate a default judgment valid on its face but void due to improper service commences upon the entry of judgment." (*Id.* at

5

p. 1126.) The *Rogers* court reasoned that "[i]n such a case no omission on the moving party's part resulted in the clerk's entry of the default" and "[a]ccordingly, it would be manifestly unfair to commence the period for moving for relief from that time." (*Ibid*.) That reasoning applies here.

The trial court did not err by ruling that defendants' motion to set aside the default judgment was timely.

## II. Validity of service of process

"'[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.] [A] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.'" (*Ellard, supra*, 94 Cal.App.4th at p. 544.) Whether a judgment is void for lack of proper service is a question of law that an appellate court reviews de novo. (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961-962.)

### A. *Service on corporation*

Section 416.10 permits service on a corporation that is not a bank by serving an individual or entity designated as an agent for service of process (§ 416.10, subd. (a)); serving one of the 11 officers or managers of the corporation specified in section 416.10, subdivision (b); serving a person authorized by the corporation to receive service (§ 416.10, subd. (c)); or service in a manner authorized by the Corporations Code (Code Civ. Proc., § 416.10, subd. (d)). Plaintiff does not claim to have effected service on the corporation pursuant to section 416.10.

Section 415.20 permits substitute service on a person specified in section 416.10 by leaving the summons and complaint "in his or her office . . . with the person who is apparently in charge thereof." (§ 415.20, subd. (a).) If the proof of service fails

6

to identify any such person, however, it is defective.  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1435-1436 (*Dill*).)

Plaintiff's proof of substitute service on the corporation is defective on its face.  It does not identify any of the 11 persons specified in section 416.10, subdivision (b)—officers or managers of the corporation—as the person served.  No individual is identified on the proof of service; rather, the only person identified on the proof of service is the corporation itself.  The proof of service states that a copy of the summons and complaint was thereafter mailed, not to any individual, but to the corporation at the Hawthorne address.  It does not state that service was on the designated agent for service of process or any person authorized to receive service for the corporation.  Plaintiff does not contend that service was accomplished in a manner authorized by the Corporations Code.  Because the face of plaintiff's proof of service fails to identify any individual specified in section 416.10, subdivision (b) who was served on behalf of the corporation, the proof of service and the judgment roll show that the judgment is void on its face for lack of proper service.  (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1442 (*Ramos*).)

A judgment "is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence."[3] (*Pittman, supra*, 20 Cal.App.5th at p. 1021.)  When a default

---

[3]     If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the judgment is not void on its face.  (*Pittman, supra*, 20 Cal.App.5th at p. 1021.)

7

judgment has been taken, the judgment roll consists of "the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment." (§ 670, subd. (a).)  Because the proof of service and judgment roll were facially defective, plaintiff bore the burden of showing substantial compliance with the statutory requirements for service of process on the corporation.  (*Ramos, supra*, 223 Cal.App.4th at pp. 1440-1441; *Dill, supra*, 24 Cal.App.4th at p. 1437.)

Substantial compliance with the statutory service of process requirements occurs when the person to be served, although not properly identified in a proof of service, actually received the summons.  (*Dill, supra*, 24 Cal.App.4th at p. 1437.)  "[W]hen the defendant is a corporation, the 'person to be served' is one of the individuals specified in section 416.10. Therefore, [plaintiff] could be held to have substantially complied with the statute if, despite [her] failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served."  (*Ibid.*)  Mere receipt of the summons by an unknown employee of the corporation who is not a person specified in section 416.10 does not establish substantial compliance.  (*Dill*, at pp. 1438-1439.)  Evidence that shows the name of the person who received the summons and complaint as well as the person's title or capacity is required by statute.  (§ 417.10.)  Without such evidence, "a trial court need not infer that a person specified in section 416.10 actually received the summons and complaint."  (*Ramos, supra*, 223 Cal.App.4th at p. 1443.)

Plaintiff did not provide the trial court with evidence identifying the person to whom the summons and complaint was

8

delivered or any other evidence from which the court could infer that a person specified in section 416.10 actually received the documents. Plaintiff's assertion that an individual named Sam Sorour may have been authorized to accept service on behalf of the corporation is speculative at best. The record does not show that anyone specified in section 416.10 or otherwise authorized to receive service on behalf of the corporation had actual notice of the summons and complaint. The trial court did not abuse its discretion in finding that plaintiff failed to meet her burden of showing substantial compliance with sections 416.10 and 415.20 or by vacating the default and default judgment entered against the corporation. (*Ramos, supra*, 223 Cal.App.4th at p. 1441.)

### B. *Service on individual defendants*

Section 415.20, subdivision (b) authorizes substitute service in lieu of personal delivery on an individual "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served."[4] In such cases,

---

[4] Section 415.20, subdivision (b) provides in relevant part: "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of . . . a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

9

the summons may be served by leaving a copy of the summons and complaint at the person's usual place of business, in the presence of a person at least 18 years of age and apparently in charge of the place of business, and by thereafter mailing a copy of the summons and of the complaint to the person to be served at the place where the summons and complaint were left.  (*Ibid*.)

The "reasonable diligence" requirement of section 415.20, subdivision (b), means "an individual may be served by substitute service only after a good faith effort at personal service has first been made . . . .  Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as '"reasonable diligence."'" (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 389.)

Substantial evidence supports the trial court's finding that plaintiff failed to comply with the statutory requirements for substitute service on Selvana and Tharwat because they were not served at their usual place of business and reasonable diligence was not undertaken to do so.  (See *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1182 [trial court's finding on validity of service reviewed for substantial evidence].)  The Hawthorne address was not a proper place at which to serve Selvana and Tharwat.  The declarations of diligence attached to the proofs of service state that the receptionist at the Hawthorne address informed the process server during the first unsuccessful attempted service on August 14, 2018, that the individual defendants had not been at that location "for a while," and that they had other locations.  Nothing in the record indicates that plaintiff or her counsel attempted to find any of these other locations.  Subsequent unsuccessful attempts to serve the individual defendants at the

10

Hawthorne address did not satisfy the reasonable diligence requirement.

The trial court did not err in finding that plaintiff failed to properly serve Selvana and Tharwat or in vacating the default and default judgment entered against them. (*Ramos, supra*, 223 Cal.App.4th at p. 1441.)

## III. No error in recalling and quashing writ of execution

"A default judgment that has been set aside will not support a writ of execution . . . ." (*Bedi v. McMullan* (1984) 160 Cal.App.3d 272, 275.) The trial court had the authority to recall and quash the writ of execution based on the invalid judgment and did not err by doing so here. (*Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 840.)

## DISPOSITION

The order vacating the default, setting aside the default judgment, and recalling and quashing the writ of execution issued against defendants is affirmed. Defendants shall recover their costs on appeal.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.

11