## THE PEOPLE ex rel. FORD v. IRWIN, Sheriff.

A DEED of land from A. to F., reciting the consideration at one hundred dollars, and a contract from F. not under seal, not acknowledged nor recorded, agreeing to reconvey the land to A. upon payment within a given time of $8,600, with interest at a specified rate, deducting the rents and profits of the land during the period limited for payment, were delivered between the parties at the same time. This contract contained a provision that it should be treated only as a contract to *convey,* and not as an acknowledgment that the deed'was intended as a mortgage. The real consideration of this deed was a pre-existing indebtedness of $8,600 due from A. to F.: *Held,* that this deed is not in effect a.mortgage; that the question is one of intention to be gathered from the whole transaction; that, although the consideration of the deed was an antecedent debt, yet the legal inference is that the debt was discharged upon the execution of the deed, and the provision, in the contract to reconvey, as to not treating the deed as a mortgage, confirms this inference; and it was competent for the parties to insert such a provision.

This contract in itself is in legal effect an agreement to sell, and the provision as to not treating the deed as a mortgage must be regarded as one of the conditions upon which the contract was executed, and does not take away or interfere with its efficacy as a contract, but simply repels any presumption from outside facts giving it an operation different from the intention of the parties.

APPEAL from the Seventeenth District.

Application for *mandamus* to compel the respondent, as Sheriff, to execute a deed to relator of premises known as the "Rabbit Creek House." The case was before this Court in 1859, and is reported in 14 Cal. 428, which see. The only substantial difference in the case as now presented, is the proof that the real consideration of the deed from Arnold and wife to Ford was a preëxisting indebtedness of Arnold to Ford of $8,600. The agreement by Ford to reconvey is as follows, to wit:

"Whereas, C. Arnold and wife have conveyed to me the property situate at Rabbit Creek, Sierra county, California, known as the 'Rabbit Creek House,' including outhouses, two barns, etc., also the furniture now in said house, in consideration of the sum of $8,600; now in case said Arnold and wife, or either of them, shall within one year from the date hereof, pay to me said sum of $8,600, with interest thereon at two and a half per cent. per month, less the amount I may then have received and collected in the way of rents and profits arising from said premises, then and in such case

I agree to reconvey said premises. But this shall only be treated as a contract to convey, and not as an acknowledgment that said conveyance from Arnold and wife to myself was intended as a mortgage. Given under my hand this sixteenth day of March, 1857.

" (Signed)          J. FORD."

The Court below held that the deed, when taken in connection with the contract to reconvey and the other proof, was a mortgage only, and hence denied the *mandamus.* Relator appeals.

*McConnell & Garber and H. I. Thornton,* for Appellant.

*Vanclief & Pratt,* for Respondent.

[The points and authorities of counsel on both sides are omitted, for the reason that they are to be found in the former report of the case. REPORTER.]

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This case was before us at the October term, 1859, and a new trial was ordered for reasons stated in the opinion then delivered. The same questions are again presented, but the facts are somewhat different, and a further and more critical examination of these questions is necessary. The principal point in the case relates to the construction to be given to a deed from one Arnold to the relator, the question being whether this deed is to be treated as an absolute conveyance or merely as a mortgage. The deed is absolute on its face, and the difficulty in regard to its construction grows out of a cotemporaneous contract providing for a reconveyance of the property. This contract, which is not under seal, and has never been acknowledged or recorded, provides expressly that it shall only be treated as a contract to convey, and not as an acknowledgment that the deed from Arnold was intended as a mortgage. The deed purports to have been given in consideration of one hundred dollars, and when the case was here before, there was no evidence outside of the papers themselves of what the consideration really was. This evidence has since been supplied, and it now appears that the

Ford *v.* Irwin.

actual consideration was a preëxisting indebtedness equal in amount to the sum required to be paid upon a reconveyance of the property. There is no doubt that this additional evidence, unless controlled by the clause referred to in the contract, is sufficient to impress upon the deed the character of a mortgage, and it is therefore necessary to determine the effect of that clause.

In our former opinion we conceded the proposition, that the parties could not by a mere declaration of their intention, enforce an arbitrary construction of the contract in opposition to the plain import and meaning of its provisions; but we did not intend to admit that the clause in question was either superfluous or nugatory. It is a clear and unequivocal expression of what was intended by the transaction, and if there is any reasonable interpretation which will give effect to that intention, we do not see upon what principle it can be rejected. The intention with which the parties acted is, of course, the controlling consideration, and this can only be ascertained by dealing with the contract as a whole, and giving to each and all of its provisions a just and reasonable construction. The counsel for the defendant is unwilling to concede to this clause any effect whatever, and. claims that it can only be regarded as an attempt to enforce a construction at variance with what the law presumes to have been the objects and purposes of the transaction. In other words, he claims that the parties have undertaken to supersede the law, and determine for themselves a question which belongs exclusively to the Courts. The answer is, that the parties were competent to deal with the subject as they pleased, and that giving to the contract precisely the effect contemplated, there is nothing unlawful in the transaction. The whole matter, in our view, resolves itself into a mere question of intention, and in determining this question the language in which the parties have undertaken to express their meaning, is certainly entitled to some consideration.

The deed is in form an absolute conveyance, and whether it is to be treated as a mortgage depends upon the purpose for which it was executed. A mortgage is defined to be a security for a debt, and if the deed was executed in the character of a security it will operate as a mortgage, but not otherwise. The consideration, as

we have seen, was an antecedent debt, but the inference is that upon the execution of the deed the debt was discharged. Whether it was in fact so discharged or not is the issue upon which depends the character of the deed. If it was not, the deed must be regarded as a security for its payment, and be treated in all respects as a mortgage ; but if it was, the deed is absolute in effect as well as in form. In the absence of the contract the inference that the debt was extinguished upon the execution of the deed would necessarily prevail ; and when we look to the contract, we find that so far from removing this inference, it contains an express provision confirming and sustaining it. The object of this provision was to repel any and all presumptions which the law would otherwise have indulged in relation to the deed, and the reasons upon which it is urged that the parties were incompetent to do this appear to us to be unsatisfactory and without force. Standing by itself the contract is in legal effect an agreement to sell, and we have no doubt that the parties could, by a provision for that purpose, exclude all extraneous circumstances affecting its character as an independent transaction. Such a provision does not take away or interfere in any respect with its efficacy as a contract, but simply repels any presumption from outside facts, giving to it an operation different from that intended by the parties. Besides, this provision is in the nature of a condition, and its insertion was no doubt one of the considerations inducing the execution of the contract. Without it the presumption would be that the deed was intended to operate as a mortgage, and it is clear that the party executing the contract did not intend to subject himself to the consequences of such a presumption. The nature of the transaction seems to have been well understood, and the provision declaring the meaning and intention of the parties must be regarded as one of the conditions upon which the contract was executed. In giving effect to this provision no violence is done to any rule or principle of interpretation, and the intention of the parties is carried out and enforced.

This disposes of the case in favor of the relator, and the order appealed from is reversed. Upon the return of the cause, the Court will issue a *mandamus* in accordance with the prayer of the petition.