[No. 4054.]

## WILLIAM UTTENDORFFER v. HENRY SAEGERS.

TRESPASS QUARE CLAUSUM FREGIT.—In trespass, *quare clausum fregit*, it is incumbent on the plaintiff to show that he was in the actual possession of the premises at the time of the alleged trespass, and the defendant may prove, under a general denial, that a tenant of the plaintiff was in the actual possession.

ACTION BY REVERSIONER FOR INJURY TO FREEHOLD.—In an action by a reversioner for an injury done to the freehold, the duration of the term of the tenant in possession is evidence admissible on behalf of the defendant, as affecting the measure of damages.

TRESPASS ON LAND.—An action for forcibly entering upon land owned and possessed by the plaintiff, and tearing down a dwelling-house and outbuildings, and carrying away the materials of which they were built, and for digging up and carrying away fruit trees, is *quare clausum fregit*.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The complaint alleged that on the first day of January, 1873, the plaintiff was the owner of and in the possession of the fractional northeast quarter of section four, township four south, range six east, Mount Diablo base and meridian, and of the improvements thereon, consisting of a dwelling-house, barn, blacksmith-shop, chicken-house, and fruit trees and grapevines, and that the defendant forcibly entered upon the premises and tore down the buildings and took and carried away the materials of which they were built, and dug up and carried away the grapevines. The answer was a general denial. The plaintiff had the verdict of a jury and judgment, and the defendant appealed.

The other facts are stated in the opinion.

*John B. Hall*, for the Appellant.

The averments of the complaint constitute the action trespass *quare clausum fregit*. (*Curtiss* v. *Hoyt*, 19 Conn. 165; *Rops* v. *Barker*, 4 Pick. 242.) The plaintiff was bound to prove actual possession. (1 Chitty's Pleadings, marginal p. 174; *Payne* v. *Clark*, 20 Conn. 30; *Church* v. *Meeker*, 34 Conn. 422.) The testimony as to the possession of the tenant was not new matter requiring to be pleaded. (*Wilson* v. *Cleaveland*, 30 Cal. 192.) The right of action for injury to land held under a lease is in the tenant. (*Tobias* v. *Cohn*, 36 N. Y. 363; *French* v. *Fuller*, 23 Pick. 104; *Holmes* v. *Seely*, 19 Wend. 507.)

*Baldwin, Roysden, and Buckley and Budd*, for the Respondent.

The action is not *quare clausum fregit*, but it is an action by the owner for damage done to the inheritance. (Sedgwick on Damages, 157.) The plaintiff was not required to show possession. (Civil Code, Sec. 826.)

By the COURT:

The action is trespass *quare clausum*. Its gravamen is the

alleged possession of the plaintiff at the time of the entry of the defendant. In this view the offer of the defendant to show that a tenant of the plaintiff, and not the plaintiff himself, was in the actual possession at the time of the alleged trespass, should have been allowed. The record is somewhat confused upon the point; it appearing in the first instance that the offer was denied by the court upon objection made by the plaintiff, but at a subsequent stage of the case the evidence was, at least to a considerable extent, put by the defendant before the jury. But however this may be, the court afterwards refused an instruction asked by the defendant, to the effect that the plaintiff could not recover, if the land was at the time of the trespass complained of in the actual possession of others, who excluded the plaintiff therefrom. However, even if it could be considered as an action brought by a reversioner for injury done to the freehold, the duration of the term of the tenant in possession would be important evidence as affecting the measure of the damages to be recovered.

Judgment and order denying a new trial reversed, and cause remanded.