[Department Two.—July 20, 1883.]

JANE CANAVAN, RESPONDENT, *v.* HAMILTON W. GRAY ET AL., APPELLANTS.

TRESPASS — FORCIBLE ENTRY. — Where the owner of real property having the right to possession makes a forcible entry, the person in the wrongful possession cannot maintain an action of trespass; the remedy provided by statute for a forcible entry is exclusive.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opionion of the court.

*William Reade,* and *B. S. Brooks,* for Appellants.

At common law the plaintiff had no right of action (Hawkins Pl. C. B. 1 Ch. 28; 1 Chitty Pl. 203; 2 Blackst. Com. 150;

Taylor's Landlord & T. § 779 2d ed.; Woods' Landlord & T. § 924; *Turner* v. *Meymott*, 1 Bing. 158; *Argent* v. *Durrant*, 8 Term Rep. 403; *Taunton* v. *Costar*, 7 Term. Rep. 431; *Krevet* v. *Meyer*, 24 Mo. 110, 111; *Fuhr* v. *Dean*, 26 Mo. 118; *Hyatt* v. *Wood*, 4 Johns. 150.)

No other right is given to one forcibly ejected than that provided by the Forcible Entry and Unlawful Detainer Act. (Code Civ. Proc. § 1159, *et seq.*)

*M. C. Hassett,* for Respondent, cited *Comstock* v. *Brosseau,* 65 Ill. 40; Civ. Code §§ 3520, 3523; 3 Blackst. Com. 209; *Scott* v. *Bryson,* 74 Ill. 420; *Argotsinger* v. *Vines,* 82 N. Y. 309; 2 Hilliard on Torts, 3d ed. § 4, p. 586; *Valencia* v. *Couch,* 32 Cal. 340; *Uttendorffer* v. *Saegers,* 50 Cal. 496; *Rockwell* v. *Jones,* 21 Ill. 279, 288; *Dustin* v. *Cowdry,* 23 Vt. 631.

SHARPSTEIN, J.— On the 19th day of August, 1875, James Canavan, who was then the husband of the plaintiff, was the lessee and in the possession of the fifty-vara lot on the southeast corner of Third and Brannan Streets, in San Francisco, and was the owner of all the frame buildings thereon; and on that day he assigned said lease and sold said buildings to the defendant, H. W. Gray. On the same day he signed and delivered to said Gray an instrument in writing, of which the following is a copy: "This is to certify that I have rented four rooms, upper story, southeast corner Third and Brannan Streets, at ($20) twenty dollars per month; and I hereby agree to deliver up possession of the said rooms upon receipt of ten days' notice, said notice to take effect from 13th day of August, 1875."

On the 20th of September, 1875, said Gray commenced an action against said James Canavan for the possession of said premises, and on the 27th of the same month Canavan went away leaving his family, including his wife, the plaintiff herein, in said rooms. He has never occupied said rooms since. But the plaintiff has continued to occupy them without paying any rent for the use and occupation thereof.

On the 5th day of April, 1879, some persons who had been employed by said Gray for that purpose, unroofed the house containing said rooms, and by so doing, damaged the personal

property of the plaintiff herein, and this action was brought to recover the damages which the plaintiff thereby sustained. Upon these and other facts which do not change the legal aspect of the case, a verdict was rendered in favor of the plaintiff for $1,000. A motion for a new trial was made by the defendants, and denied by the court, on condition that the plaintiff should remit $250 of the damages, which she did. The appeal is from that order and the judgment.

The vital question is, Can the plaintiff, upon these facts, maintain an action of trespass against the defendant? Upon that question the cases are conflicting, and we shall not attempt to enumerate them on the one side or the other, but will briefly examine the grounds upon which the opinions *pro* and *con* are based.

All agree that at common law the plaintiff could not, upon the facts disclosed by this record, maintain any action whatever against the defendants. It is also conceded that the only change which has been made in the law relating to this subject is that made by the statute which, in this State, as in many others, provides a summary remedy for forcible entry upon or into any real property. It is only as to the extent of the change wrought by this statute that there is any difference of opinion. The insistence on one side is that, " the statute of forcible entry and detainer, not in terms, but by necessary construction, forbids a forcible entry, even by the owner upon the actual possession of another. Such entry is, therefore, unlawful. If unlawful it is a trespass, and an action for the trespass must necessarily lie." (*Reeder* v. *Purdy*, 41 Ill. 279.)

On the other side it is urged that the remedy given by the statute is exclusive. In this State the plaintiff, in an action of forcible entry, may recover the damages occasioned thereby, together with a judgment for the restitution of the premises. The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the Code of Civil Procedure, but it establishes the law of this State respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice. (Code Civ. Proc. § 4.) An action of forcible entry would be a proceeding under

the Code and its provisions relating to that subject, in such a proceeding, would have to be liberally construed. The Code has established the law of the State respecting that subject. It has provided a remedy and prescribed a course of procedure in cases of forcible entry. And all statutes, laws, or rules on that subject heretofore in force in this State, whether consistent or not with the provisions of the Code on the same subject, are repealed and abrogated. (Code Civ. Proc. § 18.)

It is doubtless the duty of courts, in actions of forcible entry, to construe the provisions of the Code relating to that subject so as to suppress the mischief and advance the remedy, that is, the *remedy given by the statute*. The legislature has provided a remedy for forcible entry, no matter by whom made. But it has provided only one remedy. Before there was any legislation on the subject a person in the actual rightful or wrongful possession of real estate could maintain trespass against any one, *not having a right to enter*, for a forcible entry upon it. A person in the wrongful possession could not maintain an action against the owner, having a right to enter, for a forcible entry. But the statute gives a person even in the wrongful possession a right of action, and prescribes its form, against the owner having a right to enter, if he make a forcible entry. Neither expressly nor by necessary implication does the statute give to a person in the wrongful possession the right to maintain any other than the action of forcible entry when such entry is made by the owner, having the right to enter. The legislature has provided a particular remedy for a forcible entry made under such circumstances, but we are unable to see upon what principle it can be held that another and different remedy, and one which did not exist at common law, and is not given by statute, is equally available in such a case.

That the legislature, by giving a person in the wrongful possession of the real estate of another the right to bring an action of forcible entry against him for entering forcibly upon that which he had a right to enter upon, impliedly gives a right to maintain trespass in such a case, is at best a very doubtful implication, and the rules of the common law are not to be changed by doubtful implication. (*Wilbur* v. *Crane*, 13 Pick. 284.)

As the evidence shows that the premises upon which the alleged trespasses were committed were owned by the defendant, H. W. Gray, and that he was entitled to the immediate possession of the same, and that the plaintiff was in the wrongful possession thereof, the defendants' motion for a new trial should have been granted on the ground that the evidence was insufficient to justify the verdict. The case was tried upon what we deem to be an erroneous theory, and the errors committed by the court, in the course of the trial, are attributable to that fact. If the theory upon which the case was tried had been the correct one, none of the exceptions could be sustained. It is therefore unnecessary to dwell further upon them.

Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.