[Civ. No. 280. Fourth Appellate District.—April 14, 1930.]

GEORGE K. SAFERIAN, Respondent, v. A. L. BAER, Appellant.

Ernest Klette for Appellant.

Percy Church and K. Ohanian for Respondents.

BARNARD, J.—This is an action by a tenant for damages for an eviction by his landlord.

The evidence shows that a written lease covering a small farm, was entered into between the defendant, as lessor, and the plaintiff and one Costic Stomatiou, as lessees, for the term of three years commencing on April 15, 1924, and ending on April 15, 1927, at an annual rental of $300, payable $150 on April 15th and $150 on October 15th of each year. The lessees took possession of the property and about two months later the said Costic Stomatiou became sick and left, whereupon the plaintiff continued to live upon and farm the property. On October 15, 1926, the defendant entered into a new lease with the plaintiff, covering the same property, said lease being for a period of five years, commencing with April 15, 1927. This lease provided for the same annual rental as the first lease, and acknowledged receipt of $150 cash upon its execution and delivery. There was added to the second lease the following clause: "The second party owes to first party $50.00 additional, and agrees to pay in sixty days." There was evidence that this $50 was the balance of the rental on the lease first referred to. The $50 was not paid within sixty days, and on the fourteenth day of February, 1927, at 5 o'clock P. M., in the business district of Fresno, the defendant handed the plaintiff a written notice, to the effect that the plaintiff was in default under both of said leases, in that he had failed to keep the buildings and fences in good repair, and had failed to pay the $50 above mentioned. The notice further stated that the defendant "does hereby and now, avail himself of his option to terminate said lease, and to oust and eject any and all persons therefrom, and he does hereby and now, avail himself of said option to terminate said lease and does hereby and now, demand of you the immediate possession of said premises." No three-day notice or alternative demand that he comply with the terms of the lease or vacate the premises, was contained in this notice. Upon returning to the premises, shortly after receiving the notice, the plaintiff found the defendant in possession thereof. The defendant had broken the lock on the gate and the lock on the door of the house, had removed plaintiff's personal property from the house, turned his

horses loose and thrown away a quantity of seed. Defendant informed plaintiff that he would no longer be allowed on the place. The plaintiff handed $50 to his lawyer for the purpose of paying the balance on the old rent and sent his lawyer to see the defendant. The defendant told the lawyer that he would have no more dealings with the plaintiff.

The complaint in this action sets forth that on or about the 12th of February, 1927, the plaintiff was in the peaceful and actual possession of the property in question; that said possession had been obtained by written lease from the defendant, dated October 15, 1926; that on or about February 12, 1927, while the plaintiff was so in possession of said premises, the defendant forcibly entered thereon and in a forcible manner ejected the plaintiff, breaking locks on the gates and on the doors of the residence; that the defendant has unlawfully withheld the possession of said premises from the plaintiff since that date, and the plaintiff alleges that he has been damaged in the sum of $10,000, and the prayer is for a judgment for that amount, for the unlawful entry and detainer of said premises. The answer, in addition to denying the matters set up in the complaint, alleges as a special defense that the plaintiff was in default in the payment of $50, above referred to, and that he had failed to keep the buildings, fences and other improvements in a good state of repair, and there is included a cross-complaint for $1,000 for damages alleged to have been suffered in connection with said fences and buildings. The case was tried without a jury, and from a judgment for $500, in favor of the plaintiff, the defendant has appealed.

The appellant contends that the respondent has not proceeded under the forcible entry or unlawful detainer act, as outlined in section 1159 of the Code of Civil Procedure, and succeeding sections; that procedure under that act was the exclusive remedy of respondent; and that under the law an owner cannot be held liable for damages for dispossessing a tenant, except as incidental to proceedings on the part of the tenant for restitution of the premises. Appellant, in support of this contention, relies upon the cases of *Canavan* v. *Gray*, 64 Cal. 5 [27 Pac. 788], *Burnham* v. *Stone*, 101 Cal. 164 [35 Pac. 627], and *Walker* v. *Chanslor*, 153 Cal. 118 [126 Am. St. Rep. 61, 17 L. R. A. (N. S.)

455, 94 Pac. 606]. ■ These cases hold that where a person who is *wrongfully* in possession is dispossessed by the owner of the property, having the right of entry, and where no excessive force is used by the owner, the only remedy of such person so dispossessed, under these code provisions, is to seek restitution of the property, and in such a case the court has the right to allow damages. ■ These cases, however, have no application to a situation where a tenant who is *rightfully* in possession, is forcibly evicted by the owner. ■ The breaking of locks is sufficient to constitute a forcible entry. (*Rutledge* v. *Barger,* 82 Cal. App. 356 [255 Pac. 537].) Where a tenant who is lawfully in possession of the premises is evicted from them he may recover damages. (*Klein* v. *Lewis,* 41 Cal. App. 463 [182 Pac. 789].) Even a constructive eviction is sufficient. (*Riechhold* v. *Sommarstrom Invest. Co.,* 83 Cal. App. 173 [256 Pac. 592].) ■ The circumstances in the instant case show not merely a constructive eviction, but an actual ouster. And the eviction was preceded by a forcible entry.

For the purposes of this appeal it must be taken that the plaintiff was rightfully in possession. The defendant alleges that the buildings and fences had been allowed to depreciate, contrary to the terms of the lease, but the court found to the contrary. ■ There was $50 of the rental provided for in the first lease unpaid, but the time for its payment had been once extended. It would seem that any right of forfeiture had been waived by appellant, at least until the giving of notice. ■ In any event, under section 1161 of the Code of Civil Procedure, the respondent was entitled to three days' notice, within which he had the right to comply with any terms of the lease in which he was in default. That respondent would have availed himself of such an opportunity, if such had been given, is indicated by the fact that when appellant served such notice as he did serve, the respondent promptly attempted to get the $50 to him. And without such notice the appellant had no right of entry for the purpose of taking possession.

■ At the trial one of the attorneys for the plaintiff, who stated he had lately come into the case, made this statement: ''This is a case brought under section 1159— forcible entry.'' Just what this attorney had in mind does not appear, but his statement does not control the nature

of this action. The complaint does not ask for restitution of the premises. It alleges that the plaintiff was in the peaceful and actual possession of the premises; that certain acts of the landlord had deprived him of the rents, issues and profits of the premises; alleges damages, and the prayer is for damages. We think the action is one for damages for eviction.

Appellant contends that this action cannot be maintained, for the reason that the original lessees were respondent and another, and that there is a nonjoinder of plaintiffs. There was evidence that about two months after the first lease was executed, and after respondent had begun to work the place according to the lease, the other lessee became sick and went away, and that the respondent took over the obligation to take care of the place. The respondent was in actual possession of the property during the seasons of 1924, 1925 and 1926. It is not questioned that he paid all of the rent, except the last $50. Appellant renewed the lease for five years in the name of respondent alone. When appellant desired to take the place back, the notice he served referred to both leases, but was addressed to the respondent alone, and served upon him. In speaking of another man, who was going to help the respondent in paying his rent, the appellant testified: "He disappeared like the first man that rented from me in 1924. He disappeared and I have never seen him any more." We think sufficient knowledge on the part of appellant is shown, with his later dealings with respondent, to prevent appellant from successfully raising that point. A further consideration is that this action is one for damages suffered by the respondent personally, through losing the enjoyment of the profits of the place for the ensuing five years under his own lease.

Appellant also assigns as error the introduction of evidence as to the value of certain personal property destroyed by appellant, when he took possession of the premises in question. Respondent was allowed to testify that appellant threw away about fifty pounds of Turkish melon seeds, worth about $3 a pound and ten pounds of other seeds worth about $1 a pound. Also, that he spent $34 in searching for and locating horses turned loose by the appellant.

An eviction entitles a tenant to recover any damages

he may have sustained. (*Hamer* v. *Ellis*, 40 Cal. App. 57 [180 Pac. 30].) Under the pleadings of the instant case, however, respondent was limited to such damages as he suffered by being deprived of the rents, issues and profits of the premises in question. The evidence in question should not have been admitted. ■ We think, however, that this does not require a reversal. The last lease itself provided that after three years the lessor had the right to cancel the lease upon the payment of $300 to the lessee. This is some evidence of the value of the use of the property for that portion of the time. Appellant had also received $100 in advance on this lease, above the balance of rental due him, and for which nothing had been received by the respondent when the eviction took place. There was other evidence that the rental value of the property in question varied from nothing to $25 an acre per year. There is ample evidence to sustain the finding of the court as to the amount of damage.

■ Objection is made to the findings of the court on the ground that they are not supported by the complaint or by the evidence. The principal objection is that one of the findings is to the effect that the respondent was in possession under the lease of April 9, 1924, whereas the complaint stated that he was in possession under the lease of October 15, 1926. The material part of the allegation is that he was in the peaceful and actual possession of the property. The finding to that effect is amply supported. ■ Again, the court found "that all of the allegations of the defendant's answer and cross-complaint are not true." It is claimed that the allegation in the cross-complaint that respondent had failed to pay the last $50 of rental on the first lease was true. This was immaterial, since the plaintiff was entitled to recover, regardless of whether or not he had failed to pay the $50 in question. ■ A similar contention that there is no evidenec to support the finding that respondent made demand for possession of the premises is without merit for the reason that no demand was necessary where respondent elected to sue for damages for eviction, rather than pursue his remedy for restitution of the premises.

The complaint, the evidence and the findings are sufficient to support a judgment for damages under the circumstances. It appears that appellant took the law into his own hands in place of pursuing his legal remedy. He was satisfied to renew the lease for five years after an experience of nearly three years with respondent; he extended the remainder of the last payment under the old lease; and then within four months, without further demand, and with no opportunity to respondent to make good in respect to any claimed default, he suddenly claimed a forfeiture, and by breaking locks, entered and took possession of the premises. The trial court was justified in believing the evidence that there was another and different reason why appellant desired possession of the place.

The judgment is affirmed.

Marks, Acting P. J., and Beaumont, J., *pro tem.*, concurred.