[Civ. No. 28560.    Second Dist., Div. Four.    Dec. 11, 1964.]

SHUSETT, INC., Plaintiff and Appellant, v. HOME SAV-
INGS AND LOAN ASSOCIATION et al., Defendants
and Respondents.

148

McLaughlin & McLaughlin and James A. McLaughlin for Plaintiff and Appellant.

McKenna & Fitting, Opal M. Slater and William F. McKenna for Defendants and Respondents.

KINGSLEY, J.—On January 15, 1964, one of the respondents in the instant action, Home Savings and Loan Association (hereinafter Home Savings), filed a complaint in another lawsuit against the appellant, Shusett, Inc., setting forth causes of action for quiet title and declaratory relief, which action involved the same real property, the same underlying transaction, and construction of the same instruments, as those involved in the instant case. Such action (hereinafter referred to as the ''First Action'') is still pending in the court below.

Subsequently, according to the allegations in the present action, Home Savings entered into possession of the real property involved and has excluded Shusett, Inc. from possession. On March 6, 1964, appellant, Shusett, Inc., not having yet answered the complaint in the First Action, filed its complaint in the present action, entitled ''Action for Damages for Forcible Entry and Trespass.'' Respondents herein demurred to that complaint on three grounds: (1) that the complaint did not set forth facts sufficient to constitute a cause of action; (2) that several causes of action had not been separately stated in the complaint; and (3) that there was another action pending. In addition, the respondents demurred separately to each of the two causes of action, on the ground that each failed to set forth facts sufficient to constitute a cause of action.

The court below entered a minute order, reading as follows:
''(1) It appearing to the Court that another action is pending, *Home Savings and Loan Association* v. *Shusett*, 831750, involving the same transaction and construction of

the instruments upon which this action necessarily depends, this action is abated until determination thereof; without prejudice to any proper motion to consolidate the two causes.

"(2) As to each count, the special demurrers for uncertainty are sustained, 10 days to amend after notice subject to (1) above. The exhibits prevail over their verbal description or construction in the complaint; (48 C A 2d 684, 691 [*sic*]) and without the reformation sought in action 831750, no clearcut cause of action can apparently be stated at all here."

Appellant filed a document entitled "Notice of Election to Stand on Original Complaint and Not to Amend as Allowed by Court." Pursuant to this notice, a judgment dismissing the action was filed on April 27, 1964. An appeal was duly taken from that judgment and it is now ready for determination.

Thereafter the present appellant filed, in the First Action, a cross-complaint which is substantially the same[1] as the complaint in the present action. We are advised that a demurrer has been filed to that cross-complaint but that ruling thereon has been withheld pending the conclusion of this appeal. Respondents thereafter moved to dismiss the present appeal, contending that, by filing the cross-complaint, appellant had, for all practical purposes, brought about the consolidation of actions contemplated by the order of the trial court in this action and that the present action was, thus, moot.

Both the motion to dismiss and the appeal were, by stipulation, submitted for decision. Since we prefer to dispose of this case on its merits, we deny the motion to dismiss, and affirm the judgment appealed from.

I

The parties have argued, at length, the validity of all of the grounds set forth in the order of the trial court above quoted. However, we review the judgment as entered, and not the reasons assigned by the trial court. Since, as hereinafter appears, we hold that the complaint was subject to a general demurrer, and since that is a point which may be considered for the first time on appeal, we need not decide whether or not the order of abatement (with or without the

---

[1]Since we deny the motion to dismiss, and decide the instant appeal on its merits, we need not here consider how far the complaint herein and the cross-complaint in the First Action are identical.

suggestion of consolidation) or an order sustaining an admittedly nonexistent "special" demurrer, were proper. At oral argument before us, both parties assumed that a decision here, adverse to appellant, would not operate to bar it from asserting, in the First Action, by valid and appropriate pleadings, any legitimate defense or cross-complaint which it may have and which it may elect to present therein (although the trial court, in that action, will of course be guided by the rules of law hereinafter set forth). So that there may be no question on this point, we modify the judgment in the present case to make it express that the dismissal, herein affirmed, is without prejudice to such further proceedings.

## II

Appellant claims that its first cause of action states facts which, if taken as true, are sufficient to state a cause of action for trespass and ejectment. Both trespass and ejectment are possessory actions. ■ In order to maintain these actions, a superior right to possession must be alleged in the plaintiff. ■ In the event such a superior right is not alleged, the complaint may withstand a demurrer if it alleges actual possession at the time of the alleged trespass or ouster. (*Rogers* v. *Duhart* (1893) 97 Cal. 500, 504 [32 P. 570]; *Uttendorffer* v. *Saegers* (1875) 50 Cal. 496, 498; *Brenner* v. *Haley* (1960) 185 Cal.App.2d 183, 187 [8 Cal.Rptr. 224].)

Therefore, if the complaint herein had alleged only appellant's ownership or actual possession or right of possession, and had gone no further, such an allegation would have been good against demurrer and respondent Home Savings would have been required to set up ownership in itself as a defense. ■ However, if a complaint, in addition to alleging ownership, alleges facts upon which the purported ownership rests, the general allegation of ownership becomes a mere conclusion of law and the plaintiff is bound by any weaknesses in the specific facts alleged. (*Castro* v. *Richardson* (1861) 18 Cal. 478; 2 Witkin, Cal. Procedure (1954) Pleading, § 214.)

In the instant case, appellant pleaded the existence of a purchase agreement and lease with option to purchase. It depends on these documents to show that it is in truth the owner of the property and that it has the right to possession. Appellant maintains that it is essential to incorporate these documents in the complaint. Therefore, any contention made by appellant that the pleading of these documents is mere "surplusage," which should be subject only to a mo-

tion to strike and which should not render the complaint subject to a general demurrer, not only contravenes the established authority on this point but is also inconsistent with its other allegations.

Appellant contends that the documents on their face constitute a loan and security transaction and that a sale was not intended. ▓ However, there is a strong presumption that a deed and lease with option to purchase are what they purport to be. (*Mealy* v. *Sunland Refining Corp.* (1950) 96 Cal.App.2d 700 [216 P.2d 59] ; cf. *Wehle* v. *Price* (1927) 202 Cal. 394 [260 P. 878].) ▓ A reasonable interpretation of the documents does not sustain appellant's position. The following are the portions of the purchase agreement and lease with option to purchase upon which appellant relies to sustain its position that the documents on their face constitute a loan:

(1) The requirement by the respondent Home Savings that enough of the purchase price of $2,500,000, which appellant Shusett, Inc. received, be impounded by appellant to insure the demolition of the Paramount Building which had been standing on the property before its "sale" to Home Savings.

(2) The agreement for the lease with option to purchase and the further provision that any rentals paid by the appellant under the lease should be credited toward the purchase price.

(3) The agreement by respondent Home Savings to lease, at a specified rent, 100,000 square feet within the building which was to be constructed by appellant on the property after the demolition of the Paramount Building.

(4) The date of the lease being set at October 5, 1961, which is a date later than that on which appellant alleges the whole transaction actually did take place, namely, September 12, 1961. (The appellant alleges the lease was also entered into on September 12 and the "postdating" of the lease apparently evidences in appellant's mind an intrinsic showing that the transaction was a loan merely disguised as a purchase agreement.)

It is clear, however, that these allegations do not ipso facto establish that a loan rather than a purchase agreement was entered into. The purchase agreement required that appellant clear the property of the buildings thereon as a condition of the purchase of the property. The attempt of the appellant to seize upon this fact as a novel provision in

a purchase agreement, intended only to disguise the transaction as a sale, is totally unconvincing. Such provisions in contracts are not novel but rather are common procedure in the purchase and sale of real property. The other allegations that appellant relies upon are of equally little weight to support its position. These provisions for the most part refer to the various considerations given by the parties to the contract. They ipso facto show the transaction to be a purchase agreement and not the loan that appellant urges this court to find.

The deed being absolute on its face, there is only one way left for appellant to withstand a demurrer to this cause of action. It must allege the creation of a debt or other obligation and it must also allege that both parties *intended* that the deed, lease and option to purchase be a mortgage to secure such debt or obligation. (*Wehle* v. *Price, supra* (1927) 202 Cal. 394; *Henley* v. *Hotaling* (1871) 41 Cal. 22; *People* ex rel. *Ford* v. *Irwin* (1861) 18 Cal. 117; *Davis* v. *Stewart* (1939) 31 Cal.App.2d 574 [88 P.2d 734].) This appellant failed to do. Appellant relies on the portions of the transaction to which reference has already been made as sufficient allegations of a debt. For the reasons already given, this point has no merit.

However, appellant further alleges in its complaint that it was necessary to set the transaction up as a purchase with a lease back and an option to purchase because the law of California prevents the respondent, Home Savings, from lending in excess of 70 per cent of the reasonable market value of the said property and that $2,500,000 exceeded 70 per cent of the then reasonable market value of the said property and therefore the transaction was actually a loan.

This allegation, however, goes no further than to state that the parties, being legally unable to enter into the transaction which appellant originally proposed, elected to enter into a different, and legal, transaction which would afford them, in part, the same ultimate practical result — namely the erection by appellant of its proposed building, in which respondent Home Savings could find a place for its offices. If appellant ended up as the owner of a building erected on leased property, it was not in an unfamiliar legal position, nor would it be the first business enterprise to decide that part of a loaf was better than no bread at all.

Further, the allegation in question certainly is not an allegation that a debt of any sort was created and now or

hereafter owing to Home Savings. Nowhere in its complaint does appellant allege that there is a debt owing from it to respondent, nor is there any acknowledgment that such a debt exists by an offer to pay the same or by a deposit thereof into court.

Appellant contends that the necessary allegation of a debt was set forth in the complaint by its statement that, if the purchase price paid were in fact a loan, such loan would be illegal. This, of course, begs the question at issue by assuming that a loan and not a purchase is involved. Appellant does not present any cogent reason as to why the respondent Home Savings or its officers would wish to falsify its books and render themselves liable to the criminal provisions of section 5612 of the Financial Code by making an illegal loan, when they could act legally by purchase and option to repurchase as the documents pleaded indicate on their face that they did. ■ There is a presumption "that a person is innocent of crime or wrong." (Code Civ. Proc., § 1963, subd. 1.) In the absence of clear and concise language in a pleading setting forth a violation of a penal statute, this court may not surmise or conjecture that such violation in fact took place.

Appellant cites numerous cases allegedly supporting its contention. However, the cases cited—*Milana* v. *Credit Discount Co.* (1945) 27 Cal.2d 335 [163 P.2d 869, 165 A.L.R. 621]; *Rosemead Co.* v. *Shipley Co.* (1929) 207 Cal. 414 [278 P. 1038]; *Orlando* v. *Berns* (1957) 154 Cal.App.2d 753 [316 P.2d 705]; *Wood* v. *Angeles Mesa Land Co.* (1932) 120 Cal. App. 313 [7 P.2d 748]—involve the usury law of California and not the pertinent sections of the Financial Code. Furthermore, the question of the sufficiency of the complaint to constitute a cause of action on the grounds that the loan, if made, would be illegal, was not involved in any of the cited cases. Rather these cases involved violations of the usury laws which were decided on their merits on facts presented at trial.

■ Appellant cites the case of *Jones* v. *Dickerman* (1931) 114 Cal.App. 357 [300 P. 135], in which the court held that "Parol evidence is competent to prove that a deed which is absolute in form, was intended by the parties to be a mere mortgage for the security of a debt." With the above quoted language, this court is in full agreement. ■ However, the parol evidence which appellant must allege that he is able to present at trial is the creation of a debt and

the intent of both parties to the transaction to so create a debt. No such allegation appears here.

Appellant cites *Coast Bank* v. *Minderhout* (1964) 61 Cal.2d 311 [38 Cal.Rptr. 505, 392 P.2d 265]. This case did involve the sufficiency of a complaint upon demurrer. But the facts of the case are at great variance with the facts in the case at bar. That case involved an action brought by plaintiff to foreclose on an equitable lien. The defendants filed a general demurrer to the complaint which was over- ruled and defendants refused to answer. The complaint alleged a debt from defendants to plaintiff evidenced by a promissory note. A separate instrument was incorporated in the complaint. In this, defendants agreed, among other things, that in consideration of any loan or advance made by plaintiff to defendants, until all such loans and advances should have been paid in full, the defendants would pay all taxes and assessments thereon and could not, without the consent in writing of the bank first had and obtained, convey certain property therein described or create or permit any lien or other encumbrance. The complaint expressly alleged a debt and an intention that a security in the nature of a mortgage be created—the two allegations which, as we have seen, are totally lacking in the instant case. Actually, the *Minderhout* case supports the judgment herein entered.

### III

Appellant's second cause of action, entitled by it "Action for Damages for Forcible Entry," does not purport to be a summary action to obtain possession. In the first place, the complaint seeks only damages and nowhere prays for the immediate return of possession to it—a necessary prayer in order to make an action one involving the special and sum- mary remedies of the statutory action for unlawful detainer (Code Civ. Proc., § 1174). Furthermore, such an action requires an express allegation of "actual possession" (Code Civ. Proc., § 1172). No such allegation appears in the com- plaint before us.

However, an action for damages for forcible entry has been held by the courts to be an action for unlawful evic- tion. The rule is well stated in the case of *Saferian* v. *Baer* (1930) 105 Cal.App. 238 [287 P. 142], that the right- ful possession of the defendant to the property is sufficient to defeat any such action brought by the plaintiff. In considering the second cause of action, this court is entitled

to look at the allegations of the first cause of action. (*Miller* v. *City & County of San Francisco* (1960) 187 Cal.App.2d 480 [9 Cal.Rptr. 767].) ▆▆▆ In so doing, we find sufficient allegations made by appellant that respondent Home Savings did have rightful possession to the property. The allegations of the complaint show that appellant's right to possession stemmed from the lease given by respondent Home Savings, which lease expired on October 15, 1963. The allegations do not show actual possession in appellant at the time of the alleged ouster. It is alleged that respondents, on or about February 17, 1964, agreed that Allright Cal., Inc., the manager of the property in question, would ''manage and operate same and pay the income and revenue into Defendant Home.'' This indicates that respondents took management of the property on February 17, 1964, some time before the alleged ouster. The second cause of action was also subject to a general demurrer.

For reasons above indicated, the judgment appealed from is modified by inserting, in the final paragraph thereof, after the word ''dismissed,'' the words ''without prejudice''; as so modified, the judgment is affirmed. The motion to dismiss is denied. Respondents shall recover their costs in this court.

Jefferson, Acting P. J., and Frampton, J. pro tem.,* concurred.

A petition for a rehearing was denied December 29, 1964, and appellant's petition for a hearing by the Supreme Court was denied February 3, 1965.

---

*Assigned by Chairman of Judicial Council.