Opinion
 

 LILLIE, Acting P. J.
 

 The genesis of this litigation is a real property boundary dispute. The property of plaintiffs, the Allens, was separated from that of defendants, the McMillions, by a chain link fence and foliage growing along it. The fence had been in place when the Allens
 
 *214
 
 purchased the property, and they understood it marked the property boundary. The McMillions had their property surveyed and discovered that the fence was four feet in from the property line on their property. They announced to Mr. Allen their intention to remove the fence and foliage. The Allens contacted counsel who wrote the McMillions expressing the Allens’ desire that the fence remain in place and stating the opinion that the McMillions had no right to remove the fence as it represented an agreed boundary of prior owners of the respective properties. Nevertheless, the McMillions had the fence removed.
 

 The Allens then sued the McMillions and others. The causes of action directed against the McMillions were to quiet title, and for adverse possession, trespass, declaratory relief, and invasion of privacy. Defendants’ motion for summaiy judgment as to all causes of action save for adverse possession, was granted and the action dismissed as to them.
 
 [1]
 
 Plaintiffs appeal from the order. Appellants have made no argument respecting the cause of action for invasion of privacy, thus we deem the point abandoned, and direct our attention to the remaining causes of action. At least as to those causes of action founded on the agreed boundary doctrine, the basic question before us is whether, in the showing on the motion there appeared to be material issues of fact which would preclude summaiy adjudication. We conclude that summary judgment was properly entered as to all causes of action except the cause for trespass, As to the latter, we hold that one in peaceable though wrongful possession of real property may sue in tort for forcible interference with that possession even in the absence of injury to his person or goods and that plaintiffs have adequately stated such a cause of action.
 

 The fundamental premise of appellants’ cause of action to quiet title and for declaratory relief is the doctrine of agreed boundary. According to this doctrine adjoining landowners uncertain of the location of their common boundary may settle on a boundaiy and by so doing bind themselves and their successors to this boundaiy irrespective of where the boundaiy of record may lie. The requisites for an agreed boundary are: (1) uncertainty as to the true boundaiy; (2) an agreement between coterminous owners as to the true boundaiy; (3) acquiescence to the line so fixed for a period equal to the statute of limitations; and (4)
 
 *215
 
 the boundary so fixed must be identifiable on the ground.
 
 (Berry
 
 v.
 
 Sbragia, 16
 
 Cal.App.3d 876, 881 [143 Cal.Rptr. 318];
 
 Minson Co.
 
 v.
 
 Aviation Finance,
 
 38 Cal.App.3d 489, 495 [113 Cal.Rptr. 223].)
 

 Appellants’ affidavits in opposition to the motion for summary judgment showed without contradiction that the fence had been in existence for about 14 years and that during that period of time they and their predecessors in interest had been in peaceable possession of the property up to the fence. They seek to invoke, then, the rule that an agreed boundary may be inferred from long-standing acceptance of a fence as the boundary between lands of two owners. (E.g.,
 
 Hannah
 
 v.
 
 Pogue,
 
 23 Cal.2d 849, 856 [147 P.2d 572].) However, in support of the motion respondents had submitted the declaration of Ronald K. Lipstone who, along with his wife, was predecessor in interest of the Allens. In his declaration Lipstone explains how the fence came to be erected. When he moved into the house there already existed a fence along the west side of the property which was the rear of the McMillion property, then owned by people named Gold. Lipstone and Gold decided to extend away from the existing fence, the fence in question. Lipstone stated there was no dispute or uncertainty as to the true boundary, and neither he nor Gold gave any thought to the location of the true boundary—they simply installed the fence at a convenient location.
 

 The trial court reasonably considered the Lipstone declaration as devastating to appellants’ agreed boundary argument. This declaration was uncontradicted, and the agreed boundary doctrine could have no application where there was no uncertainty or concern about the true boundary and no agreement except to locate the fence conveniently. The inference of an agreed boundary from long-standing acceptance can have no place when there is direct evidence that there was no such agreement. (Cf.
 
 Dooley’s Hardware Mart
 
 v.
 
 Trigg,
 
 270 Cal.App.2d 337, 340-341 [75 Cal.Rptr. 745].)
 
 [2]
 

 Appellants’ challenge to the sufficiency of the Lipstone declaration is unavailing. They maintain that the declaration raises the question of Lipstone’s credibility. That may be so, but Code of Civil Procedure section 437c provides that summary judgment shall not be denied on grounds of credibility or for want of cross-examination “except that
 
 *216
 
 summary judgment may be denied in the discretion of the court, where the only proof of a material fact offered in support of the summary judgment is an affidavit or declaration made by an individual who was the sole witness to such fact; or where a material fact is an individual’s state of mind, or lack thereof, and such fact is sought to be established solely by the individual’s affirmation thereof.” Appellants cite the latter clause and say that Lipstone’s uncertainty or lack thereof is what is sought to be established by the declaration. Assuming that is so, denial of summary judgment on this ground is still a matter within the discretion of the trial court and appellants make no effort to explain wherein the court abused its discretion.
 

 The preceding is dispositive of appellants’ causes of action to quiet title and for declaratory relief, both based on the agreed boundaiy doctrine. There remains for consideration the cause of action for trespass.
 
 [3]
 

 In support of their contention that they may sue for trespass in the circumstances described in the complaint appellants cite the case of
 
 Daluiso
 
 v.
 
 Boone,
 
 71 Cal.2d 484 [78 Cal.Rptr. 707, 455 P.2d 811]. In
 
 Daluiso,
 
 defendant took it upon himself to remove a fence which he claimed was on his property because of a recent survey he had made. The fence had been in place for many years between the land owned by defendant and that on which plaintiff resided. During the removal of the fence, plaintiff, an 85-year-old man ailing with a heart condition, urged that work be stopped and that any controversy be settled by legal means. A heated verbal exchange ensued during which plaintiff became very excited and upset. As a result, plaintiff suffered emotional distress followed by physical illness. Plaintiff’s complaint was for damages for personal injuries arising from trespass to real property, though the Supreme Court considered it to state a cause of action for intentional infliction of emotional distress. Judgment was for plaintiff. On appeal defendant urged that the court erred in failing to determine whether or not he had title to the portion of land on which the fence was originally located.
 
 [4]
 
 According to defendant’s theory, a determination in his favor would have established his right to recover the land by the use of reasonable force, thereby giving him a complete defense to plaintiff’s action. _
 

 
 *217
 
 The Supreme Court affirmed the judgment of the trial court. The court first traced the history of the right to use force in order to recover possession of land. While the ancient common law recognized such a right, the statute of 5 Richard II (1381) made the forcible entry onto land a criminal offense. The English courts later determined that a cause of action in tort should he for personal injuries or for injuries to personal property arising out of the entry even if the forcibly entering defendant was the true owner of the land or entitled to immediate possession thereof. Though this position was subsequently reversed in England, it became and remained the position of the majority of American states which construed their forcible entry statutes to abrogate the common law privilege to use force in the recovery of possession of land.and held that plaintiff might pursue an action in tort for injuries of the kind described.
 

 California found itself in a minority role as a result of some early decisions holding the remedy afforded by the forcible entry statutes (Code Civ. Proc., § 1159 et seq.) to be the exclusive remedy for a person in wrongful possession of land. According to these cases
 
 (Canavan
 
 v.
 
 Gray,
 
 64 Cal. 5 [27 P. 788];
 
 Walker
 
 v.
 
 Chanslor,
 
 153 Cal. 118 [94 P. 606]), in an action brought other than under the forcible entry statutes defendant was entitled to set up as a complete defense his title or right to immediate possession of the property, and if he used no more than reasonable force in recovering it there could be no liability for injuries inflicted in the process. In
 
 Daluiso
 
 the limited approach of these cases was rejected. The court stressed the legislative policy against self-help apparent in the forcible entry statutes as well as in proscription of forcible entry in the Penal Code, section 418. “We intend by our holding today to give to a plaintiff in peaceable possession of land a right to recover
 
 in tort
 
 for damages for injuries to his person and goods against one forcibly entering the land. We reiterate that this holding gives full effect to the declared policy of this state against the use of self-help to recover possession of land and imposes liability on persons who engage in conduct which leads to a breach of the peace. ‘It is a general principle that one who is or believes he is injured or deprived of what he is lawfully entitled to must apply to the state for help. Self-help is in conflict with the very idea of the social order. It subjects the weaker to risk of the arbitrary will or mistaken belief of the stronger. Hence the law in general forbids it.’ (5 Pound, Jurisprudence (1959) § 142, pp. 351-353.)” (71 Cal.2d at p. 500; original italics.)
 

 Appellants appear to acknowledge that the court in
 
 Daluiso
 
 expressly noted that its holding did not reach the question whether the peaceable
 
 *218
 
 but wrongful possessor of land can bring an action for damages for trespass upon the land thus possessed as opposed to where there is injury to his person or goods (71 Cal.2d at p. 499, fn. 14). It must be conceded as well that in the absence of an extension of the
 
 Daluiso
 
 rule to the case where there is not direct injury to person or goods they cannot state a cause of action for trespass.
 
 [5]
 

 We agree with appellants that the reasoning of
 
 Daluiso
 
 compels the conclusion that they have adequately stated a cause of action. As in
 
 Daluiso,
 
 the cause of action is one for nonstatutory forcible entry. There is no great harm in calling this an action for trespass so long as it is borne in mind that it is not for infringement of ownership rights or for injury to real property that the action lies but for forcible, i.e., wrongful interference with peaceable possession.
 

 Daluiso
 
 could not more emphatically condemn the employment of self-help methods in controversies over the right to possession of real property. The only real difference between that case and this is that here there was no actual confrontation during the removal of the fence. But this is a difference for which the parties in the case must be grateful. It would be incongruous in the extreme to say that one in the peaceable possession of land who protests forcible intrusion on his possession and thereby suffers physical injury has a cause of action against the intruder while one similarly circumstanced who avoids a potentially explosive confrontation does not. In effect this would be to encourage a showdown over the possession of the property. Contrary to the clear legislative policy against forcible self-help measures, this position would hold out the hope to would-be self-helpers that the person being forcibly dispossessed would, whether through fear or caution, suffer in silence rather than meet force with force. If since
 
 Daluiso
 
 the law has appeared to permit this loophole it must be because there arose no occasion to close it. This is the occasion.
 

 The cause of action for trespass affords protection for a possessory, not necessarily an ownership interest.
 
 (Brenner
 
 v.
 
 Haley,
 
 185 Cal.App.2d 183, 187 [8 Cal.Rptr. 224]; 1 Harper & James, Law of Torts (1956) § 1.2, p. 5.) Under the forcible entry statutes the fact that a
 
 *219
 
 defendant may have title or the right to possession of the land is no defense.
 
 (Daluiso
 
 v.
 
 Boone,
 
 71 Cal.2d 484, 495-496 [78 Cal.Rptr. 707, 455 P.2d 811];
 
 Jordan
 
 v.
 
 Talbot,
 
 55 Cal.2d 597, 604 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161].) The plaintiff’s interest in peaceable even if wrongful possession is secured against forcible intrusion by conferring on him the right to restitution of the premises, the primary remedy, and incidentally awarding damages proximately caused by the forcible entry. (See
 
 Daluiso
 
 v.
 
 Boone, supra,
 
 71 Cal.2d 484, 498;
 
 Brawley
 
 v.
 
 Risdon Iron Works,
 
 38 Cal. 676, 677-678.) If, for whatever reason, the plaintiff does not seek restitution of the premises, is his interest any the less worthy of protection? Is a deliberate tort the less committed? Is self-help then to be allowed? We think not. If the forcible intruder were the owner of the property, the party in peaceable possession would be entitled to an award of at least nominal damages (see
 
 Empire Co.
 
 v.
 
 Bonanza Co.,
 
 67 Cal. 406, 408 [7 P. 810];
 
 Daly
 
 v.
 
 Smith,
 
 220 Cal.App.2d 592, 602 [33 Cal.Rptr. 920]), notwithstanding that the plaintiff’s possession was wrongful
 
 (Baird
 
 v.
 
 Duane,
 
 1 Cal. Unrep. 492, 497;
 
 Lightner Mining Co.
 
 v.
 
 Lane,
 
 161 Cal. 689, 695 [120 P. 771]; Prosser, Law of Torts (4th ed. 1971) § 13, pp. 66-68). After
 
 Daluiso,
 
 it is clear that the forcible intruder’s title or right to immediate possession does not immunize him from liability for conduct forbidden to everyone. Accordingly, upon proof of the elements of a trespass, i.e., a nonstatutory action for forcible entry, plaintiff should be entitled to an award of at least nominal damages, just as would be true were the intruder a third party rather than the owner of the property. (Cf.
 
 Reeder
 
 v.
 
 Purdy
 
 (1866) 41 Ill. 279, 289;
 
 Mosseller
 
 v.
 
 Deaver
 
 (1890) 106 N.C. 494 [11 S.E. 529]; see also Annots. (1926) 45 A.L.R. 313, and (1966) 6 A.L.R.3d 177.) However, unlike the ordinary case where the trespasser is a stranger, the plaintiff by declining to seek restitution of the premises under the forcible entry statutes acquiesces in the continued possession of the property by the forcibly intruding owner.
 
 [6]
 
 In other words, it is the manner of dispossession which is objected to rather than the fact of it. Since the plaintiff had only possession of the property and thus shows a disinterest in regaining possession any damage to the property resulting from the forcible entry or caused thereafter is immaterial to him in the absence of interference with interests more tangible than that in peaceable possession. (See
 
 Fox
 
 v.
 
 Brissac,
 
 15 Cal.
 
 *220
 
 223 [tenant forcibly ousted and not permitted to reenter to gather crops planted for sale].) Thus, in this case, without more than has been pleaded, appellants are not entitled to damages for destruction of the fence and foliage located on the disputed property.
 

 In this case the Allens’ peaceable possession of the disputed strip of property was not controverted; neither was the McMillions’ forcible entry thereon. The motion for summary judgment, whether construed as such or as a motion for judgment on the pleadings, was improperly entered as to the cause of action for trespass.
 

 In some respects it may be sad that the pioneer ways of self-help are no longer compatible with the demands of modem civilization. But surely any such sorrow is more than offset by the consequent reduction of occasions for violence, of which there will always be a surplus.
 

 The order of dismissal is reversed as to the cause of action sounding in trespass and in all other respects affirmed.
 

 Thompson, J., and Hanson, J., concurred.
 

 [1]
 

 It was shown in opposition to a motion to dismiss the appeal that the parties had stipulated to a dismissal of the remaining cause of action. Thus, as to these defendants there was an appealable final judgment. Despite the denial of two separate motions to dismiss, respondent continues to argue that the appeal is improperly taken.
 

 [2]
 

 Appellants observe that Lipstone can hardly testify to Gold’s state of mind, his certainty or uncertainty with respect to the true boundary. The point, however, is irrelevant. If Lipstone was not uncertain of the boundary, if he gave no thought to establishing a boundary by erecting a fence, then patently there could have been no agreement with respect thereto, regardless of what Gold may have had in mind.
 

 [3]
 

 It is apparent from an inspection of the points and authorities in support of the motion for summary judgment, the declarations and the reporter’s transcript of the hearing on the motion that that presented for decision and that decided was that no cause of action for trespass had been stated, i.e., judgment on the pleadings. Thus, our discussion proceeds in terms of whether appellants can and have stated such cause of action.
 

 [4]
 

 In another action, the court subsequently found the fence indicated the correct boundary and the findings of the survey inaccurate; and quieted title in
 
 Daluiso.
 

 [5]
 

 Damage to fence and foliage in the circumstances alleged is damage to real property. (See Civ. Code, § 658.)
 

 Appellants did allege that as a result of respondents’ acts they suffered shock and injury to their nervous systems which caused mental, physical, and nervous suffering. Apparently on this basis they seem to invite this court to construe the trespass cause of action as some other unspecified tort. For obvious reasons we must decline this invitation.
 

 [6]
 

 An analogy might be drawn to cases of wrongful eviction wherein only damages are sought. Eviction is a breach of the covenant of quiet enjoyment.
 
 (Clark
 
 v.
 
 Spiegel,
 
 22 Cal.App.3d 74, 80 [99 Cal.Rptr. 86].) A tenant lawfully in possession of the premises may sue for damages for wrongful eviction notwithstanding that restitution of the premises is not sought under the forcible entry statutes.
 
 (Saferian
 
 v.
 
 Baer,
 
 105 Cal.App. 238, 243 [287 P. 142];
 
 Klein
 
 v.
 
 Lewis,
 
 41 Cal.App. 463, 466 [182 P. 789]; see
 
 Shusett, Inc.
 
 v.
 
 Home Sav. & Loan Assn.,
 
 231 Cal.App.2d 146, 154 [41 Cal.Rptr. 622].)